The Trust Company of Chicago, Conservator of Estate of Tom Gasparac, Incompetent, Appellee, v. New York Life Insurance Company, and Anna Gasparac, Codefendant.

Appeal of New York Life Insurance Company, Appellant.

Gen. No. 43,739.

Opinion filed May 20, 1947. Rehearing denied June 4, 1947. Released for publication June 9, 1947.

Scott, MacLeish & Falk, of Chicago, and Ferdinand H. Pease, of New York City, for appellant; Wendell J. Brown and John N. Kern, both of Chicago, of counsel.

Charles C. & Richard M. Spencer, both of Chicago, for appellee.

Mr. Presiding Justice Sullivan delivered the opinion of the court.

This appeal by the defendant, New York Life Insurance Company, seeks to reverse a judgment entered against it and its codefendant, Anna Gasparac, upon the verdict of a jury, which found the issues in favor of the plaintiff, The Trust Company of Chicago, conservator of the estate of Tom (sometimes called Tam or Thomas) Gasparac and against both defendants

and assessed plaintiff's damages at $3,937.50 against the New York Life Insurance Company. The defendant, Anna Gasparac, was not present or represented at the trial and is not a party to this appeal. Hereinafter for convenience the New York Life Insurance Company will be sometimes referred to as the appellant.

On November 27, 1925 the New York Life Insurance Company issued to Tom Gasparac a $2,000 ordinary life insurance policy in which his wife, Anna Gasparac, was designated as his beneficiary. The policy provided for the payment of semiannual premiums of $45.92 in advance on May 27 and November 27 of each year and that said payments included a semiannual premium of $3.22 for disability benefits. The policy also contained the following pertinent provisions as to disability benefits:

"1. Total Disability.—Disability shall be deemed to be total whenever the Insured is wholly disabled by bodily injury or disease so that he is prevented thereby from engaging in any occupation whatsoever for remuneration or profit.

". . .

"3. Benefits.—Upon receipt at the Company's Home Office, before default in payment of premium, of due proof that the Insured is totally . . . disabled . . ., the following benefits will be granted:

"(a) Income Payments.—The Company will pay to the Insured a monthly income of $10 per $1,000 of the face of the policy during his lifetime and continued disability, beginning immediately on receipt of said proof. Any income payment due before the Company approves the proof of disability shall be payable upon such approval. If disability results from insanity, income payments under this section will be paid to the beneficiary in lieu of the Insured.

"(b) Waiver of Premiums.—The Company will waive payment of any premium falling due after ap-

proval of said proof and during such disability. Any premium due prior to such approval is payable in accordance with the terms of the policy, but if due after receipt of proof will, if paid, be refunded upon approval of proof.

"...

"6. Recovery from Disability.—The Company may from time to time demand due proof of the continuance of total disability, but not oftener than once a year after it has continued for two full years. Upon failure to furnish such proof, or if at any time it shall appear to the Company that the Insured is able to engage in any occupation for remuneration or profit, no further income payments shall be made nor premiums waived."

On February 2, 1932, while the policy was in full force and effect, the insured was injured as the result of a collision between a truck and a street car. The insurance company allowed his claim for disability benefits of $20 a month and paid such benefits until April 2, 1933. During the period the disability benefits were paid, the insurer, as required by the policy, waived the payment of the premiums which became due on May 27, 1932 and November 27, 1932.

The following letter was received by the insured from the New York Life Insurance Company:

"April 24, 1933

Mr. Tam Gasparac
% Chas. C. Spencer
Suite 1315 Ashland Block
Chicago, Illinois

Re: Policy 9289 634
Claim #76 407–C

Dear Sir:
Referring to the above numbered policy on your life, on which policy monthly disability income pay-

ments have been made to April 2, 1933, inclusive, it appears to the Company, from information recently received, that you are no longer continuously totally disabled within the meaning of the disability benefit provision contained in the policy.

In view of this condition, we regret we find it necessary to say that no further monthly disability income payments will be made and the premiums hereafter due become payable in conformity with the terms of the contract.''

After Gasparac received the foregoing letter he paid no further premiums on the policy. On October 4, 1933 he received the following notice from the New York Life Insurance Company: ''Application for reinstatement, after default in payment of the premium . . . [due May 27, 1933], not having been made, notice is hereby given that pursuant to the terms of the policy the value of the policy has been applied to purchase continued insurance . . . [$2,000 until September 10, 1942].'' The policy provided that the continued insurance did not include coverage for disability benefits.

The original complaint was filed by the insured, Tom Gasparac, on June 6, 1938. It was alleged therein in substance that he was totally disabled within the meaning of the disability provisions of the policy ever since he was injured on February 2, 1932 and that the insurance company was not justified in discontinuing his disability income payments of $20 a month on April 2, 1933. The insured claimed that he was entitled to the continuance of the disability income payments of $20 a month from and after April 2, 1933 to the date of the commencement of his suit.

The answer of the appellant denied that the insured was totally disabled at the time it discontinued paying him the disability benefits and alleged that his policy lapsed for nonpayment of the premium due on May 27, 1933. Before the case proceeded to trial on

the issues raised by the original complaint of the insured and the answer of the New York Life Insurance Company, Gasparac was adjudged insane by the county court of Cook county on September 21, 1939 and committed to the Chicago State Hospital, where he was still confined as a patient when this case was tried. On January 8, 1941 the Trust Company of Chicago was appointed conservator of the estate of the insured by the probate court of Cook county. Thereafter, on September 20, 1941 an order was entered substituting the Trust Company of Chicago as the plaintiff herein.

On October 13, 1943 an order was entered on plaintiff's motion making Anna Gasparac a party defendant because she claimed "to have an interest in the controversy" by reason of the provision in the policy that "if disability results from insanity, income payments under this section will be paid to the beneficiary in lieu of the insured." On the same day that the foregoing order was entered the conservator filed an amended complaint asserting the same claim against the insurer as had been alleged in the original complaint and in addition that "Anna Gasparac, the wife of said Tom Gasparac, has, or claims to have an interest in the controversy in this suit and claims that she is entitled to such money as shall be recovered by this plaintiff from the New York Life Insurance Company upon the clauses in the insurance policy sued on granting disability benefits. And plaintiff alleges that it cannot determine whether or not the said Anna Gasparac has any valid claim against said money or any part thereof, and this plaintiff is desirous of submitting said alleged claim of said Anna Gasparac to the judgment of this court." The amended complaint brought the claim for disability benefits down to the date it was filed and prayed that on the trial judgment be entered against the insurer for the disability benefits due under the policy up to October 13, 1943 and

that the court determine whether or not Anna Gas-parac had any valid claim thereto. The New York Life Insurance Company filed its answer to the amended complaint in which it again set forth that the insured had not been totally disabled from the time it discontinued paying him the disability benefits on April 2, 1933 and that his policy lapsed for nonpayment of the premium due on March 27, 1933. The insurer admitted in its answer that Anna Gasparac had or claimed to have an interest in the subject matter of the suit.

Anna Gasparac was served with summons and filed an answer to the amended complaint in which she alleged *inter alia* that she was entitled as the beneficiary named in the policy to judgment for the entire amount of the disability benefits and that the conservator of the insured's estate was not entitled to any part thereof. Her answer was stricken on the ground that it was not legally sufficient and contained scandalous matters. Thereafter, Anna Gasparac filed amended answers on April 13, 1944 and May 8, 1944 and these were also stricken. On June 29, 1944 the trial court entered the default of Anna Gasparac for want of a sufficient and proper answer and ordered that the amended complaint be taken as confessed by her. On October 29, 1945 the plaintiff conservator filed what it termed a "supplemental pleading" in which it claimed that the total disability of the insured had persisted and that there was due from appellant disability benefits from May 2, 1933 to October 2, 1945 at the rate of $20 a month, which with interest amounted to $3,937.50. The answer of the insurance company to the amended complaint was ordered to stand as its answer to said complaint as amended by the aforesaid supplemental pleading.

On November 1, 1945 Anna Gasparac filed an answer to plaintiff's supplemental pleading and claimed in her answer that all moneys due under the policy for disability benefits were payable to her as the benefi-

ciary designated in said policy. The conservator filed a reply to Anna Gasparac's answer wherein it averred in substance that the beneficiary did not have the exclusive right under the policy to all benefits provided therein independent of the conservator and that "Anna Gasparac does not have any right, title or interest in or to the money due on said insurance policy, for [the recovery of] which this suit is brought."

The pleadings were as indicated when the case proceeded to hearing on November 13, 1945 and, as already stated, the beneficiary, Anna Gasparac, was not present or represented by counsel at the trial and is not a party to this appeal.

It will be noted that, notwithstanding the default that had previously been entered against Anna Gasparac, an issue had thereafter been joined between her and the plaintiff conservator, which had to be determined upon the trial. By the plaintiff's "supplemental pleading," the beneficiary's answer thereto and the plaintiff's reply to said answer the issue was directly raised between the conservator and the beneficiary as to what portion, if any, of the disability income benefits each of them was entitled to recover, in the event that the liability of the insurance company to pay same was established upon the trial. This issue presented a question of law as to the proper construction of the disability provisions of the policy and it was the duty of the trial judge to construe such provisions in his instructions to the jury.

The only contested issue of fact upon which the conservator and the insurance company introduced evidence and which was presented to the jury for its determination was whether the insured was disabled by bodily injury as the result of his accident on February 2, 1932 so that he was thereby prevented from engaging in any occupation whatsoever for compensation or profit from April 2, 1933, when his disability income payments were discontinued, until October 2,

1945. The jury determined this issue adversely to the appellant and since it does not claim that the verdict against it on the question of Gasparac's disability was against the manifest weight of the evidence, it is unnecessary to recite or to discuss the evidence bearing on that question.

The principal contention of the appellant is that the "refusal of the trial court to properly instruct the jury in a three-way case was error and resulted in a verdict against the insurer contrary to law."

■■ The instruction tendered by the appellant which it claims was erroneously refused is as follows:

"In this case it is undisputed that the New York Life Insurance Company paid Tom Gasparac disability benefits under the terms of the policy issued on his life for eleven months from May 2, 1932 to and including April 2, 1933 and waived payment of two semi-annual premiums during that period. What you have to determine is whether the plaintiff has sustained its burden to prove that Tom Gasparac was totally disabled so that he could not engage in any occupation whatsoever for remuneration or profit at the time the next monthly disability income payment under his policy would have become due if he had continued to be totally disabled and unable to engage in any occupation whatsoever for remuneration or profit. *If you find that on May 2, 1933 and continuing thereafter to and including October 2, 1945, Tom Gasparac was totally disabled, then you will return your verdict for the plaintiff for the amount of the monthly installments which matured and were due up to September 21, 1939, the date the insured was adjudicated insane, and for Anna Gasparac for the amount of the monthly installments which matured and were due from September 21, 1939 to October 2, 1945.*" (Italics ours.)

This instruction was proper and the refusal to give it constituted reversible error. As will be hereinafter shown it correctly stated the law applicable to the

issues in this three way case—the issue of fact between the plaintiff conservator and the appellant and the issue of law between the conservator and the beneficiary, who was still a party defendant when the case was tried and submitted to the jury.

The real question presented on this instruction is whether the italicized portion thereof contained a correct statement of the law applicable to the issue between the conservator and the beneficiary. The disability section of the policy under which the plaintiff brought this action provides in part that "if disability results from insanity, income payments under this section will be paid to the beneficiary in lieu of the Insured." This provision was included in the insurance contract by the parties thereto at the time the policy was issued and before the insured became insane. It is undisputed that Anna Gasparac, the wife of the insured, was the beneficiary named in the policy and it is also undisputed that the insured was adjudged insane on September 21, 1939 and has continuously been disabled by reason of his insanity since that time. On these undisputed facts an issue of law was raised on the pleadings between the conservator and the beneficiary which involved the construction of the disability provisions of the policy and especially the provision pertaining to the insured's disability if it resulted from insanity. The determination of that issue necessarily concerned the obligations of the insurance company under its contract with the insured.

The refused instruction limited the conservator's right to recover the disability income benefits to those which matured during the period prior to the date Gasparac was adjudicated insane and limited the beneficiary's right to recover such benefits to the period subsequent to said adjudication. We think that the disability provisions of the policy are not susceptible of any other reasonable construction than that contained in this instruction. To interpret such

provisions otherwise would be to say that the fact that the insured was also totally physically disabled during the period that he was mentally incompetent nullified the provision that if he became disabled as a result of insanity, the income benefits were to be paid to the beneficiary rather than to the insured. In *Bach v. Nagle,* 294 N. Y. 151, 61 N. E. (2d) 421, and *Foulds v. New York Life Ins. Co.,* 10 N. Y. S. (2d) 680, a similar provision was held enforceable and it was stated in those cases that the plain language of the provision meant just what it said—that income payments, when disability arises from insanity, were to be paid to the beneficiary.

In our opinion it was unquestionably the intention of Gasparac and the appellant, when they entered into the insurance contract, to facilitate the payment of the disability benefits, in the event that he became insane, by having them paid to his beneficiary, so that the necessity and expense of having a conservator appointed would be obviated.

As the result of the failure of the trial judge to give the instruction under consideration the jury returned a verdict which was contrary to law in that it awarded the plaintiff conservator as damages all of the disability income benefits, regardless of whether they matured before or after Gasparac was adjudged insane. It is elementary that the insurance company cannot be compelled to pay the conservator an indebtedness that it was obligated under the policy to pay the beneficiary.

The conservator insists that "Anna Gasparac was the only one who could have been prejudiced by the ruling of the court" on the instruction in question and that, since "there was no error prejudicial to appellant" by reason of said ruling, it has no right to assign error thereon.

In support of plaintiff's position in this regard the following argument is made in its brief:

"For the purpose of this point the appellant must concede that the judgment of the court and the verdict of the jury were correct in finding that Gasparac was disabled during the entire period involved in the suit. The only question raised is whether the defendant, Anna Gasparac, the beneficiary, or the plaintiff-conservator, was entitled to recover for the period after the adjudication of insanity. The decision of this question does not concern appellant. In any event it would have to pay the same amount, and so appellant was not prejudiced by the refusal of the instruction.

"Of course, the appellant is interested in not having to pay twice, but the judgment in the instant case is an adjudication of Anna Gasparac's rights and therefore she will be forever barred from recovering for the period covered by the instant judgment. Payment of this judgment will extinguish the liability of appellant and it would be of no benefit to appellant to have the cause remanded for further consideration of the respective rights of plaintiff and the defendant, Anna Gasparac, as in the end appellant would still have to pay the same amount, either to plaintiff or to defendant, Anna Gasparac."

It is of course true that the beneficiary was prejudiced by the refusal to give appellant's tendered instruction but the appellant was also prejudiced by the ruling of the trial judge on this instruction. It is idle to urge that it is no concern of the appellant whether it is required to pay the conservator or the beneficiary the disability benefits during the period after Gasparac was adjudged insane and that "in any event it would have to pay the same amount." As we have already held, the disability provisions of the policy, properly construed, obligated the insurance company to pay the beneficiary the income benefits which matured after Gasparac became insane and this being appellant's obligation under the insurance contract, it cannot be

compelled to pay such benefits to the conservator. It is merely to quibble to say that in any event the appellant would have to pay the same amount. Paying the same amount correctly allocated between the conservator and the beneficiary is an entirely different matter from paying the entire amount of the income benefits, including the portion thereof to which the beneficiary is entitled, to the conservator.

It is sufficient answer to the balance of plaintiff's foregoing argument to state that neither the fact that the judgment entered herein, if affirmed, would forever bar Anna Gasparac "from recovering for the period covered by the instant judgment" nor the fact that "the payment of this judgment will extinguish the liability of appellant" can justify the entry of an erroneous judgment against the appellant requiring it to pay the conservator disability income benefits which it was obligated under the policy to pay the beneficiary. As heretofore shown, the judgment appealed from was based on a verdict which could not possibly have been returned if the trial judge did not erroneously refuse to give appellant's tendered instruction. The conservator also argues that said instruction was erroneous and therefore properly refused. We have carefully considered this argument but do not deem it necessary to discuss same in view of what we have already said as to the correctness of the instruction under a proper construction of the disability provisions of the policy.

Not only did the trial court err in refusing the instruction asked for by the appellant but it erred in giving the following instruction at plaintiff's instance:

"The court instructs the jury if you find a verdict in favor of the plaintiff you will be required to fix the amount of damages. In fixing the damages, if any, you should allow the plaintiff the sum of $20 for each month after April 2, 1933, if any, during which

you believe from the evidence, and under the instructions of the court, Thomas Gasparac, was wholly disabled by bodily injury or disease so that he was prevented thereby from engaging in any occupation whatsoever, for remuneration or profit, and you should also allow interest at the rate of five per cent per annum from the time each monthly payment became due to the date of this trial.''

If it can be said that the foregoing instruction was intended by the trial judge as his construction of the disability provisions of the policy, it will be noted that it totally ignored the provision requiring that the income benefits be paid to the beneficiary if the insured became disabled as the result of insanity and told the jury to find that the conservator was entitled to recover all of the income benefits whether they matured before or after Gasparac was adjudged insane.

What we have already said as to the proper construction of the disability provisions of the policy applies with equal force to this instruction which erroneously advised the jury that the conservator was entitled to recover all of the disability income payments that matured after April 2, 1933.

█ Appellant also contends that the trial court erred in refusing to give the following instruction tendered by it:

''The court instructs the jury that the policy does not provide for unemployment coverage and hence, the mere fact that the insured was not, if such is your finding, employed during the period for which claim is made, is not in and of itself sufficient upon which to base a verdict for the plaintiff. Before you can find for the plaintiff you must find that Tom Gasparac, the insured, was totally disabled from engaging in any occupation whatsoever for remuneration or profit. If you find that said Tom Gasparac was able to engage

in some occupation for remuneration or profit during the period for which the plaintiff claims that a total disability existed, then and in that event the court instructs you to find for the defendant.''

This instruction is to the same effect as other instructions given at appellant's request defining the ''total disability'' described in the policy for which it was liable to pay income benefits. If this were the only instruction tendered by appellant defining the nature and character of the disability for which it was liable to pay income benefits, it would have been error to refuse to give it but, since other instructions which covered the same matter, differing only in verbiage, were tendered by appellant and given to the jury, the trial judge was justified in refusing to give this instruction.

For the reasons stated herein the judgment of the superior court of Cook county is reversed and the cause is remanded for a new trial.

*Judgment reversed and cause remanded.*

FRIEND and SCANLAN, JJ., concur.