Hillsborough,
July 6, 1950.} No. 3910.

ALEXANDRE CHAGNON, *by his Conservator*, ROGER CHAGNON

*v.*

METROPOLITAN LIFE INSURANCE COMPANY.

*Maurice A. Broderick* and *James A. Manning* (*Mr. Broderick* orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Booth* orally), for the defendant.

KENISON, J. There has been and continues to be a square split of authority on the question of whether insanity or mental incompetency of the insured excuses the lack of, or delay in, notice of proof of disability. See the cases collected in *Mutual Life Insurance Co.* v. *Johnson*, 293 U. S. 335. In an annotation in 142 A. L. R. 852, 853, appears the following statement: "There is a conflict of authority upon the question whether the insanity of the insured will excuse the giving of notice of disability under the life policies providing for dis-

ability benefits and (or) the waiver of premiums, although, at least numerically, there seem to be more cases in favor of, than there are opposed to, the view that insanity excuses notice of disability." 3 Williston, Contracts (Rev. *ed.*) s. 808, has pointed out that a number of courts have refused to apply the same rule to the giving of notice as applied to the payment of premiums and that these cases are basically supported on the principle of equitable relief against forfeiture. Failure to pay premiums is not excused by insanity (*Kilgore* v. *Association*, 78 N. H. 498) while the furnishing of proof or the giving of notice may be. "Where, however, the condition does not form a material part of the exchange for the promisor's performance, such as conditions which relate to the prompt giving of certain notices or to the timely proof of loss, impossibility caused by the physical or mental incapacity of the person required to give the notice is held by most American courts to excuse the condition whenever necessary to prevent a forfeiture." Williston, *supra*, 2272.

While the precise question has not been decided in this state it was held in *Bean* v. *Insurance Co.*, 88 N. H. 416, that insanity if causal excuses compliance with the statutory requirement of notice under a fire insurance policy. In that case it was stated that the decision represented the majority rule and was " . . . more in harmony with the general policy of the law of contracts which protects insane persons from the results of their incapacity." The theory of that case was approved again in *Bean* v. *Insurance Co.*, 94 N. H. 342. The rationale of these cases is applicable to the facts of the present case so that causal insanity or mental incompetency will excuse the giving of notice by the insured under the disability contract.

The actions under the insurance contract were brought by the plaintiff's conservator. It is claimed that the insured's wife, who was the beneficiary of record under the life policy, was the only party who could bring the suit. The quoted portions of the disability contract provided in the alternative that payments were to be made to the insured or to a person designated by him or in cases of mental incapacity to the beneficiary of record. No person was designated by the insured for that purpose which eliminates one of the three alternate payees. Where the insurance contract provides that if disability results from insanity, the income payments "will be paid to the beneficiary in lieu of the insured," it is clear that the beneficiary is the only proper party to bring suit. *Trust Company of Chicago* v. *New York Life Ins. Co.*, 331 Ill. App. 468; *Foulds* v. *New York Life Ins. Co.*, 256 App. Div. (N. Y.) 930; *Bach* v. *Nagle*, 294 N. Y. 151;

*Bennett* v. *New York Life Ins. Co.*, 63 Idaho 427. It is reasonably clear that upon the death of the insured the beneficiary is the proper party to bring action. In the present case the disability contract as understood by a reasonable person in the position of the insured would mean that the company's obligation under the disability contract was to the insured and required payment either to him or the beneficiary of record on behalf of the insured in order to discharge the company's obligation. Since the company did not make payment to the beneficiary of record (*Collier* v. *Metropolitan Life Ins. Co.*, 82 Fed. Supp. 529), the Trial Court correctly allowed the insured by his conservator to maintain this action. *Donahue* v. *New York Life Ins. Co.*, 259 N. Y. 98; *Uptegrove* v. *Metropolitan Life Ins. Co.*, 145 Neb. 51.

Although there is conflicting evidence whether plaintiff's mental incapacity began in 1938 or 1945, there is no dispute that the plaintiff was confined in the state hospital as mentally incompetent in 1945 and again in 1949 where he still remains. The jury's verdict indicates that it believed the plaintiff's evidence which indicated the earlier date. Revised Laws, c. 385, s. 7, provides that "an . . . insane person may bring a personal action within two years after such disability is removed." Since the plaintiff has not yet recovered from his mental disability, the statute of limitations is not a bar to the present actions instituted in his behalf by his conservator in 1948. *Little* v. *Downing*, 37 N. H. 355.

The disability contract provides that the waiver of premiums and the payment of monthly income shall not begin "more than six months prior to the date of receipt of the required proof." It is, therefore, contended that in no event can the plaintiff recover for benefits prior to December 10, 1947, which is six months before June 10, 1948, when proofs of claim were filed. The defendant's contention is obviously correct in cases where the plaintiff is under no legal disability but it has no application to the present case where the plaintiff has been found by the jury to have been insane and still continues to be. Strict compliance with the contract is not enforced where it would produce a forfeiture so that the insane are protected from the results of their own incapacity. *Bean* v. *Insurance Co.*, 88 N. H. 416. This is equally true of the argument that plaintiff's claim was not filed within a reasonable time. Neither laches nor the statute of limitations is applicable to the insane by virtue of the statute until "after such disability is removed." R. L., c. 385, s. 7.

Although evidence was introduced to show that defendant's agents had notice of plaintiff's claim, this whole issue was withdrawn from

the jury with appropriate instructions as evidence that the defendant had notice of a claim before one was received at its home office. The jury was specifically instructed that conversation between defendant's local agents and the Chagnon family were not binding on defendant and were not evidence of notice or filing of a claim against the defendant. The jury was instructed that the proof of claim was not filed within the meaning of the policy until received at its home office, June 10, 1948. No prejudicial error was committed by the introduction of this evidence in view of the charge to the jury.

Certain exceptions to argument of counsel and the admission and exclusion of evidence as they appear in the record have been considered but no error is apparent and they are overruled.

The question of interest in the verdicts was not submitted to the jury but was reserved by the court who allowed interest only from the date of the filing of the proof of claim, June 10, 1948. This was the first time the defendant could ascertain the full amount of the claims demanded. The allowance of interest from that date was not unfair to the plaintiff and is in accordance with *White* v. *Schrafft*, 94 N. H. 467, 473. In view of the result reached, it is unnecessary to consider plaintiff's other exceptions.

*Judgment on the verdicts.*

All concurred.