Terry ABELS, as Next Friend
and Guardian Ad Litem
for Jerry HUNT

v.

GENIE INDUSTRIES, INC.; White
Electrical Construction Company;
and Rental Services Corporation.

Supreme Court of Tennessee,
at Nashville.

June 7, 2006 Session.

Sept. 14, 2006.

William E. Godbold, III, and Sean W. Martin, Chattanooga, Tennessee, and Molly Glover and Tracy A. Overstreet, Memphis, Tennessee, for the Petitioner/Defendant Rental Services Corporation a/k/a RSC.

Marty R. Phillips, Bradford D. Box, and James V. Thompson, Jackson, Tennessee,

and Steve Beal, Lexington, Tennessee, for the Respondent/Plaintiff, Terry Abels, as next friend and guardian ad litem for Jerry Hunt.

J. Randolph Bibb, Jr., Nashville, Tennessee, and Robert F. Chapski, Knoxville, Tennessee, for the Respondent/Defendant Genie Industries, Inc.

Robert D. Flynn, Memphis, Tennessee, for the Respondent/Defendant White Electrical Construction Company.

## OPINION

CORNELIA A. CLARK, J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and JANICE M. HOLDER, JJ., joined.

We accepted two questions of law certified by the United States District Court for the Western District of Tennessee to determine whether the applicable statute of limitations, Tenn.Code Ann. § 28–3–104(a)(1) (2000), begins to run against the tort claims of a legally disabled individual once a legal guardian is appointed. We hold that Tennessee's legal disability statute, Tenn.Code Ann. § 28–1–106 (2000), tolls the statute of limitations for legally disabled individuals for so long as the disability of unsound mind remains, regardless whether such individual has had a legal guardian appointed to pursue such claims on his behalf.

Pursuant to Rule 23 of the Tennessee Rules of the Supreme Court, the United States District Court for the Western District of Tennessee has certified two questions to this Court. These questions arose in the course of a lawsuit brought by Terry Abels ("Abels") as Next Friend and Guardian ad Litem for Jerry V. Hunt ("Hunt") against defendants Genie Industries, Inc. ("Genie"), White Electrical Construction Company ("White Electrical"), and Rental Services Corporation ("RSC").

## *Background*

According to the federal district court's certification order, on July 7, 2003, Hunt sustained severe hypoxic brain injuries in the course and scope of his employment while operating a "man lift" that was designed and manufactured by Genie. On October 16, 2003, the Circuit Court of Hardin County, Tennessee, appointed Hunt's uncle and work supervisor, Abels, as "Guardian Ad Litem" for Hunt. The guardianship apparently was obtained in order to secure approval of a workers' compensation settlement for Hunt. However, the authority granted to Abels pursuant to the circuit court's order includes "full authority to handle Mr. Hunt's financial affairs."

On July 6, 2004, Abels filed a products liability action against Genie on Hunt's behalf in the United States District Court for the Western District of Tennessee. In doing so, Abels apparently considered himself bound by the one-year statute of limitations set forth in Tennessee Code Annotated section 28–3–104(a)(1) (2000), which provides that actions for injuries to the person "shall be commenced within one (1) year after the cause of action accrued."

On January 3, 2005, approximately eighteen months after Hunt's accident, Abels sought leave of the district court to amend the complaint to add RSC as an additional party defendant.[1] The court permitted the amendment, and on February 8, 2005, Abels filed an amended complaint against RSC. RSC subsequently moved for sum-

---

1. The motion for leave to amend also named Duncan Electric Company as an additional party defendant. Pursuant to an agreed or-

der, White Electrical Construction Company was substituted for Duncan Electric Company as a defendant.

mary judgment based on the one-year statute of limitations.

The district court did not rule on the motion for summary judgment, finding that its resolution involved determinative issues of state law for which the decisions of this Court "do not appear to provide controlling precedent." Accordingly, it certified the following questions to this Court:

> 1. Whether Tennessee's "discovery rule" exception to the accrual of a cause of action refers to the knowledge and diligence of the injured person or to the knowledge and diligence of a legal representative who has accepted responsibility for the injured person's tort claims arising out of a single incident?
>
> 2. Whether, under Tennessee Code Annotated section 28–1–106, the disability of "unsound mind" is "removed" when the injured person's legal representative accepts responsibility for the injured person's tort claims arising out of a single incident?

We accepted these certified questions. *See* Tenn. Sup.Ct. R. 23 (2006).

### *Analysis*

### I. Legal Disability Statute

Because we find the second certified question to be dispositive of the first, we begin with it. For the reasons that follow, we conclude that the appointment of a legal guardian does not remove an injured person's disability of "unsound mind" under Tennessee Code Annotated section 28–1–106 and that the statute of limitations remains tolled so long as the injured person remains so disabled.

The second certified question asks us to construe the legal disability statute, Tenn. Code Ann. § 28–1–106, to determine whether its provisions toll the statute of limitations for individuals of unsound mind when that person's legal representative accepts responsibility for the injured person's tort claims arising out of a single incident. As noted above, the statute of limitations for actions for injuries to the person is one year. Tenn.Code Ann. § 28–3–104(a)(1) (2000). However, Tennessee's legal disability statute provides that:

> [i]f the person entitled to commence an action is, at the time the cause of action accrued, either under the age of eighteen (18) years, or *of unsound mind,* such person, or such person's representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceeds three (3) years, and in that case within three (3) years from the removal of such disability.

Tenn.Code Ann. § 28–1–106 (2000) (emphasis added).

The parties in this case are not contesting before this Court that Hunt was, at the time this action accrued, and still is, of unsound mind. Abels argues that because Hunt has been of unsound mind since his injury, Tennessee's legal disability statute tolls the running of the statute of limitations in this case. RSC contends that Hunt's disability was removed when Abels was appointed Hunt's legal guardian, so that the one-year statute of limitations began running on October 16, 2003.[2] Our resolution of this dispute depends upon our construction of the legal disability statute.

■ Initially, we reiterate that
[o]ur approach to statutory construction begins with the statute's language, and if it can end there—with our finding of a clear meaning of the Legislature's intent—then we must stop. "Our search

---

**2.** Defendants Genie and White Electrical also make this argument.

for a statute's purpose begins with the words of the statute itself. If the statute is unambiguous, we need only to enforce the statute as written[,]" with no recourse to the broader statutory scheme, legislative history, historical background, or other external sources of the Legislature's purpose.

*Calaway v. Schucker,* 193 S.W.3d 509, 516 (Tenn.2005) (quoting *In re Conservatorship of Clayton,* 914 S.W.2d 84, 90 (Tenn. Ct.App.1995)). With respect to the legal disability statute, this Court has previously concluded that "[t]he legislative purpose involved ... is to declare that statutes of limitation do not begin to run until a person's disability is removed." *Arnold v. Davis,* 503 S.W.2d 100, 102 (Tenn.1973). We also agree with our Court of Appeals that " 'exceptions to a limitations statute in favor of persons under disability should be strictly construed and never extended beyond their plain import.' " *Owen v. Summers,* 97 S.W.3d 114, 123 (Tenn.Ct.App. 2001) (quoting *Smith v. Grumman–Olsen Corp.,* 913 F.Supp. 1077, 1083 (E.D.Tenn. 1995)).

As noted by the district court in its certification order, the legal disability statute gives the legal representatives of minor persons and those of unsound mind the right to commence an action "after the removal of such disability." The statute is silent, however, as to the effect of a representative commencing an action *before* the disability is removed. That is the issue we must now decide.

This Court has not addressed this issue based on the current statutory language found in Tennessee Code Annotated section 28–1–106. However, in *Thompson v. Cincinnati, N.O. & T. Pac. Ry. Co.,* 109 Tenn. 268, 70 S.W. 612, 613–14 (1902), this Court held, under an earlier version of this statute,[3] that a married woman's cause of action was not barred by the applicable statute of limitations even when her husband was capable of bringing a suit on her behalf within the limitations period but did not do so until after the limitations period had run. In so holding, this Court noted that

[t]he wife's injury is the meritorious cause of action, and, in legal effect, it is the action of the wife. If the statute of limitations does not operate to bar her action, this suit is not barred, for the husband has, independently of her, no right of action whatever. In Tennessee the statutes of limitation apply to the cause of action, and are not directed to their mere form.

*Id.* at 613 (quoting *Fink v. Campbell,* 70 F. 664, 667–68 (6th Cir.1895)).

More recently, our Court of Appeals held that a minor's cause of action against a defendant, who was added two years after the original complaint was filed, was not barred by the statute of limitations, even though the minor's legal guardian timely filed the original complaint. *Brooks v. Gunn,* 667 S.W.2d 499, 501 (Tenn.Ct. App.1984). The court explained that because the minor was still under the disability of minority under Tennessee Code An-

---

**3.** The legal disability statute at the time included married women as legally disabled individuals, along with minors and those of unsound mind. It read: "[i]f the person entitled to commence an action is, at the time of the cause of action accrued, either within the age of twenty one years, or of unsound mind, or a married woman, or beyond the limits of the United States, or the territories thereof, such person or their representatives and privies, as the case may be, may commence the action after the removal of such disability, within the time of the limitations for the particular cause of action, unless it exceed three years, and in that case within three years after the removal of such disability." Shannon's Code, § 4448.

notated section 28–1–106, "the statute of limitations in a situation [such] as this has not begun to run against the minor. If the statute has not run as to the minor's claim, *a fortiori,* it has not run against his present guardian." *Id.*

The import of both of these cases is that the cause of action remains personal to the plaintiff insofar as the running of the statute of limitations is concerned. That is, the statute of limitations either runs or is tolled depending upon the status of the plaintiff, irrespective of whether a legal guardian exists. If the plaintiff is under some form of legally recognized disability which tolls the statute of limitations, the statute of limitations remains tolled despite the possibility that some representative could bring the action on the plaintiff's behalf.

The majority of other state courts construing similar statutes have also concluded that the appointment of a guardian has no effect on the tolling of the statute of limitations. For instance, in *Weaver v. Edwin Shaw Hosp.,* 104 Ohio St.3d 390, 819 N.E.2d 1079, 1081 (2004), the Ohio Supreme Court considered its state statute providing that, where "a person entitled to bring [an] action ... is, at the time the cause of action accrues, within the age of minority or of unsound mind, the person may bring it within the [applicable time limitation], after the disability is removed."[4] The plaintiff before the court was of unsound mind at the time his cause of action accrued and remained so continuously thereafter. His legal guardians commenced a tort action which the defendants claimed was barred by the applicable statute of limitations, arguing that the plaintiff's disability had been removed by the appointment of his legal guardians.

In dismissing the defendants' argument, the court relied on the statute's language permitting the action to be brought after the removal of the disability, "not after appointment of a legal guardian." *Weaver,* 819 N.E.2d at 1082. The court expressly declined to add an exclusion "not expressly incorporated into this statute by the legislature," *id.* at 1083, and noted that "Ohio's General Assembly could have provided that a disability is removed upon the appointment of a guardian, but to date it has not chosen to do so." *Id.* at 1086. The court also noted that "the cause of action belongs to the ward, not to the guardian; hence, ... tolling ... applies as long as the ward suffers from the disability." *Id.* at 1083; *see also Freeman v. Alex Brown & Sons, Inc.,* 73 F.3d 279, 282 (10th Cir.1996) (holding that, under Oklahoma law, "the tolling statute preserves a legally-disabled person's cause of action regardless of whether he is represented by a guardian who might otherwise bring the action within the normal limitation period."); *Mason v. Ford Motor Co.,* 755 F.2d 120, 121 (8th Cir.1985) (assuming that Missouri would apply the general rule that the appointment of a guardian has no effect on tolling); *Wayne County Reg'l Educ. Serv. Agency v. Pappas,* 56 F.Supp.2d 807, 815 (E.D.Mich.1999) (holding that "[u]nder Michigan law, it is well-settled that an individual with a mental disability is the beneficiary of the tolling statute even where his rights have been capably handled by a guardian or an attorney."); *Desert State Life Mgt. Servs. v. Ass'n of Retarded Citizens of Albuquerque,* 939 F.Supp. 835, 838 (D.N.M.1996) (construing New Mexico's tolling statute to continue in effect as to mentally incompetent persons even if they acquire a general guardian who may legally sue on their behalf); *Alber v. Ill. Dept. of Mental Health & Devel-*

4. *See* Ohio Rev.Code Ann. § 2305.16 (1997).

*opmental Disabilities,* 786 F.Supp. 1340, 1359 (N.D.Ill.1992) (recognizing that, under Illinois law, the tolling statute covering the mentally incompetent is not avoided upon appointment of a guardian); *Emerson v. S. Ry. Co.,* 404 So.2d 576, 579 (Ala. 1981) (holding that the appointment of a guardian for a mentally incompetent or nonage person does not have the effect of commencing the running of the period of limitations tolled by virtue of the disability); *Kiley v. Jennings, Strouss & Salmon,* 187 Ariz. 136, 927 P.2d 796, 801 (Ct.App. 1996) (holding that the appointment of a conservator will not cease the tolling of the statute of limitations for those of unsound mind); *Mason v. Sorrell,* 260 Ark. 27, 551 S.W.2d 184, 185 (1976) (adopting majority rule that appointment of guardian does not commence running of statute of limitations tolled on account of infancy or incompetence); *Tzolov v. Int'l Jet Leasing, Inc.,* 232 Cal.App.3d 117, 283 Cal.Rptr. 314, 317 (1991) (holding that tolling statute applicable to incompetent plaintiffs continues in effect in spite of appointment of guardian ad litem); *Morgan v. Amerada Hess Corp.,* 357 So.2d 1040, 1043 (Fla.Dist.Ct. App.1978) (adopting majority rule that appointment of guardian for mentally incompetent person does not terminate tolling and start running of limitations period); *Whalen v. Certain–Teed Prods. Corp.,* 108 Ga.App. 686, 134 S.E.2d 528, 530 (1963) (holding that appointment of guardian does not operate to start statute of limitations running in cases where title to cause of action is in person belonging to class of disabled persons encompassed within tolling provision); *Barton–Malow Co. v. Wilburn,* 556 N.E.2d 324, 326 (Ind.1990) (holding that appointment of guardian over incompetent adult does not remove legal disability so as to halt tolling and commence running of statute of limitations); *Newby's Adm'r v. Warren's Adm'r,* 277 Ky. 338, 126 S.W.2d 436, 438 (1939) (holding that tolling accorded to persons of unsound mind continued during disability regardless that next friend might have sued); *Green v. Lombard,* 28 Md.App. 1, 343 A.2d 905, 914 (1975) (holding that statute of limitations did not begin to run against a *non compos mentis* individual in spite of interested parties being available to bring suit); *O'Brien v. Mass. Bay Transp. Auth.,* 405 Mass. 439, 541 N.E.2d 334, 337 (1989) (holding that tolling statute applicable to those disabled by minority or mental illness continues to operate regardless of guardian's appointment); *Talley v. Portland Residence, Inc.,* 582 N.W.2d 590, 592 (Minn.Ct.App.1998) (holding that appointment of a conservator does not remove a mentally disabled person's legal disability so as to start the statute of limitations running); *Sacchi v. Blodig,* 215 Neb. 817, 341 N.W.2d 326, 330 (1983) (holding that "[c]learly, the purpose of [our legal disability statute] is to lift the burden of severe time restrictions or limitations from those under legal disability, that is, from those who do not have the ability and capacity to protect their rights existing under our laws"); *Chagnon v. Metro. Life Ins. Co.,* 96 N.H. 256, 75 A.2d 167, 169 (1950) (permitting an action for payments under a contract ten years after alleged incompetence began, where plaintiff had not recovered from disability at the time the complaint was filed); *Unkert v. Gen. Motors Corp.,* 301 N.J.Super. 583, 694 A.2d 306, 311 (1997) (concluding that appointment of guardian for person rendered incompetent in accident does not end period of incompetence for that individual, and that the limitations period therefore does not begin to run upon appointment of a guardian); *Henry ex rel. Henry v. City of New York,* 94 N.Y.2d 275, 702 N.Y.S.2d 580, 724 N.E.2d 372, 373 (1999) (holding that New York's statute tolling statute of limitations during a period when a person is "under a disability because of infancy,"

is not terminated by acts of guardian or legal representative in taking steps to pursue claims on infant's behalf); *Costello v. N. Shore Univ. Hosp. Ctr. for Extended Care & Rehab.*, 273 A.D.2d 190, 709 N.Y.S.2d 108, 110 (N.Y.App.Div.2000) (remaining disability of injured person tolls the statute of limitations, whether or not a personal representative has filed actions on individual's behalf); *Young v. Key Pharm., Inc.*, 112 Wash.2d 216, 770 P.2d 182, 186 (1989) (holding that Washington's statute "tolls the statute of limitations for a legally incompetent person notwithstanding the appointment of a guardian. This is so because the right to the tolling statute vests in the incompetent person not in the guardian. From this premise, it follows that the guardian's subsequent actions on the incompetent person's behalf should have no additional effect upon the statute of limitations unless they result in res judicata.").

We recognize that the disability of minority will necessarily be removed upon the passage of time and that the disability of "unsound mind" may unfortunately be permanent. We do not, however, find this distinction to be determinative. Tennessee Code Annotated section 28–1–106 treats two distinct conditions as disabilities: minority and being of unsound mind. The statute grants a period of grace for minors and those of unsound mind during their disability, and provides a maximum of three years in which to bring a claim after the disability is removed. Importantly, section 28–1–106 does not treat the two disabilities differently but provides the same protections for individuals of unsound mind that it does for those under the age of eighteen.

The plain language of Tennessee's legal disability statute tolls the running of the statute of limitations while the claimant is "either under the age of eighteen (18) years, or of unsound mind." Tenn.Code Ann. § 28–1–106. The tolling ends when "such disability" is removed. The disability of minority is removed when a minor attains the age of majority. The disability of unsound mind is removed when the individual is no longer of unsound mind, due either to a change in the individual's condition or the individual's death. The statute contains no language which would lead us to conclude that the legislature intended for removal of either of these two disabilities upon appointment of a guardian. Had the General Assembly intended to include such a provision, it could have done so. This Court is not inclined to read non-existent provisions into a statute.[5]

■ Accordingly, we answer the second certified question in the negative: the disability of unsound mind referenced in Tennessee Code Annotated section 28–1–106 is not removed when the disabled person's legal representative is appointed and/or accepts responsibility for the disabled person's tort claims. Rather, the tolling of the statute of limitations continues until the disabled person's mind becomes "sound," or the person dies.

## II. Discovery Rule

■ We turn now to certified question number one: whether Tennessee's "discovery rule" exception to the accrual of a cause of action refers to the knowledge and diligence of the injured person or to the knowledge and diligence of a legal representative who has accepted responsi-

---

5. We quote with approval our sister court in Ohio: "[w]hether or not the appointment of a guardian for those within the age of minority or of unsound mind ... *should* commence the running of a statute of limitations is a policy consideration best left to the ... General Assembly. Other state legislatures have so provided." *Weaver*, 819 N.E.2d at 1085.

bility for the injured person's tort claims arising out of a single incident?

This Court has applied the "discovery rule" in tort actions such that "the cause of action accrues and the statute of limitations commences to run when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered." *McCroskey v. Bryant Air Cond. Co.*, 524 S.W.2d 487, 491 (Tenn.1975). This doctrine does not, however, overcome the operation of the tolling provision of our legal disability statute. Thus, so long as the applicable statute of limitations is tolled due to a plaintiff's disability, either minority or unsound mind, the "discovery rule" is inapposite.

### Conclusion

We hold that the tolling provision of Tennessee's legal disability statute remains in effect as to plaintiffs of "unsound mind" for so long as they remain of "unsound mind" regardless of the appointment of a legal guardian and/or the commencement of a lawsuit by a representative on behalf of the disabled plaintiff. The "discovery rule" is inapplicable to plaintiffs of "unsound mind" for so long as they remain of unsound mind.

The costs in this Court are taxed to the petitioner, RSC, and its surety, for which execution may issue if necessary.