# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
August 15, 2011 Session

## JAMES W. GROOMS, JR. v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hawkins County**
**No. 10CV235      Kindall T. Lawson, Judge**

**No. E2010-02331-COA-R3-CV-FILED-AUGUST 26, 2011**

The State of Tennessee ("the State") appeals the Hawkins County Circuit Court's determination that the Department of Safety could not suspend James W. Grooms, Jr.'s handgun permit because the permit had been confiscated previously by a police officer, and Mr. Grooms, therefore, was unable to surrender the permit. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Joseph F. Whalen, Associate Solicitor General; and Benjamin A. Whitehouse, Assistant Attorney General for the appellant, the State of Tennessee.

## MEMORANDUM OPINION[1]

In November of 2009, James W. Grooms, Jr.[2] was found guilty by a Hamblen County Criminal Court jury of making harassing telephone calls, a class A misdemeanor. The Department of Safety ("the Department") took steps to suspend Mr. Grooms's handgun

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

[2] Mr. Grooms did not file a brief with this Court and made no appearance in this appeal.

permit. Mr. Grooms filed an action in Hawkins County General Sessions Court ("General Sessions Court") seeking review of the suspension of his handgun permit. The General Sessions Court upheld the action of the Department in suspending Mr. Grooms's handgun permit.

Mr. Grooms appealed the General Sessions Court decision to the Hawkins County Circuit Court ("Circuit Court"). Mr. Grooms was unable to surrender his handgun permit to the court as required by Tenn. Code Ann. § 39-17-1352 (f)(1) (2010) because the permit had been confiscated by a Morristown Police Department officer in 2007.

The Circuit Court entered its order on October 6, 2010 finding and holding, *inter alia*:

> In the present case the Petitioner did not and can not surrender the permit because the Morristown Police Department previously confiscated it. Further, the statute provides that the Court is to transmit the permit to the Department of Safety.

> This Court finds no other authority on [sic] under T.C.A. 39-17-1352 granted by legislation allowing the Department of Safety to revoke or suspend a gun permit as they have attempted in the present case.

> **THEREFORE,** the revocation of the Petitioner[']s gun permit is overruled and the Petition is GRANTED.

The State appeals to this Court the Circuit Court's order overruling the suspension of Mr. Grooms's handgun permit.

This appeal involves interpretation of Tenn. Code Ann. § 39-17-1352, which concerns suspension or revocation of a handgun permit. As our Supreme Court has instructed:

> Statutory construction is a question of law that is reviewed de novo without any presumption of correctness. *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009). When dealing with statutory interpretation, well-defined precepts apply. *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 836 (Tenn. 2008). Our primary objective is to carry out legislative intent without broadening or restricting the statute beyond its intended scope. *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning

-2-

and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by so doing. *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). Our obligation is simply to enforce the written language. *Abels ex rel. Hunt v. Genie Indus., Inc.*, 202 S.W.3d 99, 102 (Tenn. 2006). When a statute is ambiguous, however, we may refer to the broader statutory scheme, the history of the legislation, or other sources to discern its meaning. *Colonial Pipeline*, 263 S.W.3d at 836. Courts must presume that a legislative body was aware of its prior enactments and knew the state of the law at the time it passed the legislation. *Owens v. State*, 908 S.W.2d 923, 926 (Tenn.1995).

*Estate of French v. Stratford House*, 333 S.W.3d 546, 554 (Tenn. 2011).

As pertinent to this appeal, Tenn. Code Ann. § 39-17-1352 provides:

(f) (1) If a permit holder is convicted of a Class A misdemeanor offense, the permit holder shall surrender the permit to the court having jurisdiction of the case for transmission to the department.

(2) The permit holder shall not be permitted to lawfully carry a handgun or exercise the privileges conferred by the permit for the term of the sentence imposed by the court for the offense or offenses for which the permit holder was convicted.

(g) In order to reinstate a permit suspended pursuant to subsection (e) or (f), the permit holder shall pay a reinstatement fee of twenty-five dollars ($25.00) with one half (½) of the fee payable to the department of safety and one half (½) payable to the court that suspended the permit.

(1) Prior to the reinstatement of the permit, the permit holder shall have paid in full all fines, court costs and restitution, if any, required by the sentencing court.

(2) Failure to complete any terms of probation imposed by the court shall be a bar to reinstatement of the permit.

(3) Prior to reissuance of the permit, the department shall verify that the permit holder has complied with all reinstatement requirements of this subsection (g).

Tenn. Code Ann. § 39-17-1352 (2010).

The statute clearly states in subsection (g) that a handgun permit may be suspended pursuant to subsection (f), which provides that a permit holder who is convicted of a Class A misdemeanor shall surrender his permit. Subsection (g) also provides the procedure "to reinstate a permit suspended pursuant to subsection (e) or (f)...." Thus, the Department has the authority to suspend a gun permit if the permit holder has been convicted of a Class A misdemeanor.

The record before us on appeal reveals that Mr. Grooms was convicted of a Class A misdemeanor. Thus, the Department had the authority to suspend Mr. Grooms's handgun permit. The fact that Mr. Grooms did not, or could not, surrender his permit to the Circuit Court as required by Tenn. Code Ann. § 39-17-1352 (f)(1), has no effect whatsoever upon the authority of the Department to suspend Mr. Grooms's permit. We reverse the Circuit Court's October 6, 2010 order and uphold the Department's suspension of Mr. Grooms's handgun permit.

This cause is remanded to the Circuit Court for collection of the costs below. The costs on appeal are assessed against the Appellee, James W. Grooms, Jr.

_____
D. MICHAEL SWINEY, JUDGE