IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 22, 2012 Session

# TENNESSEE DEPARTMENT OF SAFETY EX REL. CHARLES A. HARMON, ET AL. v. CARLTON E. BRYANT, IV, ET AL.

**Appeal from the Criminal Court for Knox County**
**No. 96819     Mary Beth Leibowitz, Judge**

---

**No. E2011-01295-COA-R3-CV-FILED-AUGUST 14, 2012**

---

This is an appeal from an order denying a petition to have the appellees held in criminal contempt based upon their failure to comply with various subpoenas commanding them to appear at depositions and produce documents to be used by the appellants in the context of an administrative asset forfeiture proceeding on the docket of the Tennessee Department of Safety.[1]  The petition was filed in the Criminal Court for Knox County, Tennessee.  It was denied on grounds that the court in which the petition was filed had no jurisdiction to grant the relief requested.  The appellants appeal.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

Herbert S. Moncier, Knoxville, Tennessee, for the appellants, Charles A. Harmon, Clyde McCarty, III, Fonda Gross, and Charlana H. Wooley.

Charles F. Sterchi, III, Knoxville, Tennessee, for the appellees, Carlton E. Bryant, IV, J. Duran, A. Mitchell, Chris Bryant, and James J.J. Jones.

Robert E. Cooper, Jr., Attorney General & Reporter, William E. Young, Solicitor General, and Benjamin A. Whitehouse, Assistant Attorney General, Nashville, Tennessee, for the appellee, Nina Harris.

---

[1]On May 17, 2011, an order was entered by the Department of Safety dismissing the underlying asset forfeiture proceeding and directing that the seized property at issue be returned to the appellants.  Costs of the action, including any towing or storage costs, were assessed against the state.

## OPINION

## I. BACKGROUND

This case arose out of the seizure of a vehicle and other personal property belonging to the appellants, Charles A. Harmon, Clyde McCarty, III, Fonda Gross, and Charlana H. Wooley, by deputies of the Knox County Sheriff's Department. The appellants filed a claim for the return of the property and the matter was placed on the docket of the Tennessee Department of Safety ("the Agency") for an asset forfeiture hearing. The procedure for the administrative hearing is governed by the contested case provisions of the Uniform Administrative Procedures Act, Tennessee Code Annotated sections 4-5-301 to 4-5-325, as well as the rules of the Agency. Tenn. Comp. R. & R. 1340-2-2. Disputes arose between counsel for the parties over the scheduling of various depositions. The appellants brought this action pursuant to Tennessee Code Annotated section 4-5-311(b) in the Knox County Criminal Court seeking enforcement of subpoenas issued at their request. The appellants filed charges of Contempt and Discovery Violations for each scheduled deposition.

The appellees argued that the matter should be dismissed for lack of jurisdiction. They represented that any appeal or judicial review of the actions of an administrative agency of the State of Tennessee is reviewable pursuant to Tennessee Code Annotated section 4-5-322 in the Chancery Court of Davidson County.

On May 26, 2011, the trial court entered its final order dismissing the appellants' action for lack of jurisdiction. The order provided as follows:

> The Petitioners, by and through counsel, have filed a motion for Contempt, Show Cause, Compliance and Sanctions in an action between the Petitioners and the Knox County Sheriff's Department. They complain that in a related action before the Administrative Law Judge, subpoenas were issued for deposition and proponents did not appear. They state that the subpoenas were issued by the Administrative Law Judge for the State of Tennessee. The Administrative Law Judge directed proponents to appear May 2, 2011, and they failed to do so again. Complainants then filed as "relators" of the Department of Safety for subpoena enforcement.
>
> Knox County Law Department responded and the State of Tennessee filed for dismissal of State Officials. Complainants state they are acting under T.C.A. § 4-5-311(b) governing subpoenas and protective orders and under Civil Rules 30.02 and 45. They claim to have a specialized interest in injury not common to the general public due to the failure of the Administrative Law Judge to

enforce its subpoenas. Additionally, they have filed an amended Petition for Contempt and for Discovery Sanctions. A reply was filed to the state's motion to dismiss, petitioners sought to have the court also take judicial notice of the pleadings in docket number 95571, in this court.

T.C.A. § 4-5-311 states that when parties have refused to testify in a proceeding before an agency, that the agency may apply in the Circuit or Chancery Court to any judge for compelling compliance. No such agency application has been made either to the Administrative Law Judge or to this court. The complainants argue that they act as "relators' of the Department of Safety to enforce its subpoenas.

This court must first determine if the complainants can act as relators in which case jurisdiction would lie in this court. The court notes that Tennessee Rules of Civil Procedure 24.02 speaks to the issue of intervention which seem to be the case here. It would appear to this court that the applicant[s have] asserted the right to claim an interest in the property or transaction complained of with the Department of Safety, but that disposition of action is a disposition of the claim interest which cannot be circumvented by a "claim of impairment of interest." All existing parties are already before the Administrative Law Judge through the agency action. Thus the complainants may not intervene as right to circumvent the decision of the agency or the appropriate courts and this court therefore dismisses this action. As appeal may only be taken pursuant to a final decision in a contested case "the only method of judicial review" [is] pursuant to T.C.A. § 4-5-322(b)(1)(A), in the Chancery Court for Davidson County, Tennessee.

It is grievous to this court that counsel for complainants, who the court considers to be a brilliant lawyer, has engaged in "forum shopping" in this case and in case number 95571. Counsel chose to file this action in Criminal Court for Knox County, Tennessee although he was well aware that the Chancery or Circuit Courts were more appropriate forums. Although, this court would not deprive civil parties or counsel the right to be heard, and has not done so here, a specialized criminal court must always use its time pursuant to the Constitution of the United States and the State of Tennessee to hear the cases of the citizens accused and victims of crime. Thus, the court's time would be more wisely used for the benefit of the people of this State.

The court finds that the petition for contempt and supplemental filings and amendments do not lie in this jurisdiction and for the foregoing reasons are

dismissed.

The record of the Agency was not reviewed by the trial court and is not part of the record on appeal.[2]  The appellants filed a timely appeal.

## II.  ISSUE

The appellants assert the issue for our review is as follows:

Does the criminal court have subject matter jurisdiction pursuant to section 4-5-311(b) to enforce discovery and subpoenas on residents of Knox County in a Tennessee Department of Safety administrative contested forfeiture proceeding conducted by the Administrative Procedures Division of the Tennessee Secretary of State?

## III.  STANDARD OF REVIEW

We review this case pursuant to Rule 12.02(1) of the Tennessee Rules of Civil Procedure as a motion to dismiss for lack of subject matter jurisdiction.  As noted in *Phillips v. Tennessee Department of Revenue*, No. E2020-01839-COA-R3-CV, 2011 WL 3209153 (Tenn. Ct. App. July 28, 2011):

The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it.  Subject matter jurisdiction involves the nature of the cause of action and the relief sought and can only be conferred on a court by constitutional or legislative act.  Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness.

*Id.*, at *1.

## IV.  DISCUSSION

Tennessee Code Annotated section 4-5-311(a) provides as follows:

---

[2]The questions of the validity of the subpoenas were not addressed by the trial court and are not, therefore, before us.

(a) The administrative judge or hearing officer, at the request of any party, shall issue subpoenas, effect discovery, and issue protective orders, in accordance with the Tennessee Rules of Civil Procedure, except that service in contested cases may be by certified mail in addition to means of service provided by the Tennessee Rules of Civil Procedure. The administrative judge or hearing officer shall decide any objection relating to discovery under this chapter or the Tennessee Rules of Civil Procedure. Witnesses under subpoena shall be entitled to the same fees as are now or may hereafter be provided for witnesses in civil actions in the circuit court and, unless otherwise provided by law or by action of the agency, the party requesting the subpoenas shall bear the cost of paying fees to the witnesses subpoenaed.

Section 4-5-311(b) provides

(b) In case of disobedience to any subpoena issued and served under this section or to any lawful agency requirement for information, or of the refusal of any person to testify in any matter regarding which such person may be interrogated lawfully in a proceeding before an agency, the agency may apply to the circuit or chancery court of the county of such person's residence, or to any judge or chancellor thereof, for an order to compel compliance with the subpoena or the furnishing of information or the giving of testimony. Forthwith, the court shall cite the respondent to appear and shall hear the matter as expeditiously as possible. If the disobedience or refusal is found to be unlawful, the court shall enter an order requiring compliance. Disobedience of such order shall be punished as contempt of court in the same manner and by the same procedure as is provided for like conduct committed in the course of judicial proceedings.

Tennessee Code Annotated section 4-5-102 defines "agency" as follows:

As used in this chapter, unless the context otherwise requires:

* * *

(2) "Agency" means each state board, commission, committee, department, officer, or any other unit of state government authorized or required by any statute or constitutional provision to make rules or to determine contested cases . . . .

This case turns on the issue of whether Tennessee Code Annotated section 4-5-311(b) gave the criminal court authority to hear a petition by a non-agency party, in a contested administrative proceeding, to enforce a subpoena. The issue is one of statutory construction.

Our role is to determine legislative intent and to effectuate legislative purpose. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 526 (Tenn. 2010). In general, a statute that is not ambiguous is to be construed based upon its plain language. Our obligation is simply to enforce the written language. *Abels ex rel. Hunt v. Genie Indus., Inc.,* 202 S.W.3d 99, 102 (Tenn. 2006). Thus, in statutory construction, we "must give effect to every word, phrase, clause and sentence." *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d 850, 862 (Tenn. 2010) (quoting *Cohen v. Cohen*, 937 S.W.2d 823, 828 (Tenn. 1996)).

The unambiguous language of Tennessee Code Annotated section 4-5-311(b) indicates that the legislature intended to authorize courts to entertain suits to enforce subpoenas that are issued in contested administrative cases only if such actions are brought by an agency. The statute relates that it is the agency – not any party like the appellants – that has the authority to apply for an order to compel compliance with a subpoena or for the furnishing of information or the giving of testimony. There is nothing in the language of the statute that could be construed to authorize suits by other parties to such administrative proceedings in their own name or on relation to the state. The statute places no jurisdiction in the criminal court to address discovery disputes in the administrative proceeding.

Contrary to the arguments of the appellants, this case is not about whether the appellants have standing to sue; it is about whether the criminal court had the statutory authority to hear the case under Tennessee Code Annotated section 4-5-311(b). The plain language of the statute demonstrates that the criminal court had no such authority and the action was therefore properly dismissed.

The appellants also assert that it is unconstitutional to permit only government agencies to apply to a court of record to have subpoenas enforced under Tennessee Code Annotated section 4-5-311(b). They assert that section 4-5-311(b) violates their procedural due process rights because it does not afford a right for individual litigants in administrative proceedings to bring court actions to enforce administrative subpoenas.

The contested case provisions of the Uniform Administrative Procedures Act, Tennessee Code Annotated section 4-5-301 to 4-5-325, are designed to limit the involvement of courts with administrative cases until there is a full, complete, and final adjudication in the proceedings before an agency. Only if there is an adverse final order would the courts need to exercise any substantive review. Therefore, Tennessee Code Annotated section 4-5-311(b) is not, as the appellants would have it, a means to obtain

interlocutory judicial review of discovery disputes in the forum of a party's own choosing. As noted by the appellees, allowing private parties in cases such as this to request that state trial courts, wholly unfamiliar with the facts of the underlying case, weigh-in on discovery issues would cause innumerable delays in both the trial courts and administrative dockets. Pursuant to the judicial review provisions of Tennessee Code Annotated section 4-5-322, the legislature has provided parties an opportunity to challenge the actions of agencies before courts of record. While this case was not ripe for review at the point in time the appellants filed the action in criminal court, Tennessee Code Annotated section 4-5-322 would afford the appellants the opportunity to seek judicial review if they were, in fact, aggrieved by a final order of the Agency. Such a review may, however, only be sought in the Chancery Court for Davidson County. Tenn. Code Ann. § 4-5-322(b)(1)(A). The due process challenge is rejected.

## V. CONCLUSION

The ruling of the criminal court that it lacked jurisdiction is affirmed; the matter is remanded to assess costs below. Costs of the appeal are taxed to the appellants, Charles A. Harmon, Clyde McCarty, III, Fonda Gross, and Charlana H. Wooley.

_____
JOHN W. McCLARTY, JUDGE

-7-