IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 3, 2019

**METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY EX REL. STATE OF TENNESSEE v. DELINQUENT TAXPAYERS AS SHOWN ON THE 2011 REAL PROPERTY TAX RECORDS OF THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE**

Appeal from the Chancery Court for Davidson County
No. 13-299-III        Ellen H. Lyle, Chancellor
_____

No. M2018-00357-COA-R3-CV
_____

This case involves a dispute regarding a trial court's assessment of interest on a parcel of real property subject to a redemption action. The trial court required the redeeming party to pay interest to the tax sale purchasers for the time that elapsed during the redemption proceedings. The redeeming party appealed the trial court's application of interest to any period after the redeeming party had filed its notice of redemption. Following our thorough review of this issue, we agree that assessment of interest beyond the date of the filing of redemption notice was improper. We therefore reverse the trial court's assessment of interest and modify the trial court's judgment accordingly.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part as Modified, Reversed in Part; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and W. NEAL MCBRAYER, J., joined.

Charles Walker, Nashville, Tennessee, for the appellant, REO Holdings, LLC.[1]

**OPINION**

I. Factual and Procedural Background

On March 8, 2013, the Metropolitan Government of Nashville and Davidson County, Tennessee ("Metro") filed a complaint in the Davidson County Chancery Court ("trial court") against delinquent taxpayers as shown on the 2011 real property tax

_____
[1] The appellees in this action did not file a brief.

records. As pertinent herein, Metro averred that the estate and heirs of Jessie Mills owed Metro outstanding taxes for a parcel of real property located at 1026 N. 7th Street in Nashville ("the Property"). On April 18, 2013, William Mills, a purported heir of Jessie Mills, filed an answer contesting Metro's allegation that 2011 real property taxes were overdue and asserting that a good faith effort had been made to work with Metro to pay the taxes on the Property.

On October 25, 2013, Metro moved for judgment on the pleadings. In its motion, Metro alleged that no adequate defense to the delinquent tax action had been asserted in the answer and requested that the trial court award Metro the real property taxes owed, as well as interest, attorney's fees, and court costs. The trial court conducted a hearing concerning the motion on November 22, 2013, and subsequently entered an order on December 2, 2013, granting Metro's motion for judgment on the pleadings. The trial court awarded to Metro real property taxes due on the Property for the years 2008 through 2011 and granted Metro authority to collect those taxes through public auction of the Property if the judgment remained unpaid. Following the clerk and master's provision of notice of a delinquent tax sale, on January 22, 2014, the Property was sold at public auction to Emily Girvin and Michael Beyer for $29,000.00. The trial court entered a "Final Decree Confirming Sale" on February 28, 2014.

On February 24, 2015, Evans Realty Management LLC filed a "Notice of Redemption Process" in the trial court and tendered payment for the Property. Also on February 24, 2015, REO Holdings, LLC, ("REO") filed a "Notice of Redemption Process" in the trial court and tendered payment for the Property.[2] The tax sale purchasers subsequently filed a claim for the cost of lawn care and payment of the 2014 real property taxes on the Property. The trial court set a hearing for May 28, 2015, concerning the claims and objections filed, to determine whether Evans Realty Management LLC or REO should be allowed to redeem the Property.

Following the filing of various pleadings by the parties, the trial court entered an order on December 11, 2015, transferring the matter from Chancellor Carol L. McCoy, who had recused herself, to Chancellor Ellen H. Lyle for further proceedings. Subsequently, on March 9, 2016, the trial court entered an order staying the matter due to the institution of bankruptcy proceedings by REO. Following a remand from the bankruptcy court, the trial court set the matter for hearing to determine whether the Property could properly be redeemed by either Evans Realty Management LLC or REO.

The trial court conducted a hearing on February 6, 2018. On February 7, 2018, the trial court entered an order concluding that REO had rightly sought redemption as a

---

[2] REO subsequently filed documentation to demonstrate that it was a creditor of William Mills. Evans Realty Management LLC apparently claimed an interest in the Property derived from another purported heir, Liam Mills.

creditor of William Mills. Thereafter, on February 16, 2018, the trial court entered a supplemental order wherein the court directed REO to pay Ms. Girvin and Mr. Beyer the additional amount of $8,633.70, representing interest at a rate of ten percent per annum on the purchase price of the Property ($29,000.00), for the time period of February 24, 2015, through February 15, 2018. On February 27, 2018, William Mills filed a notice of appeal from the trial court's February 7, 2018 order. REO filed a notice of appeal concerning the trial court's February 16, 2018 order on March 5, 2018. On March 12, 2018, the trial court entered an order directing that REO pay the $8,633.70 interest amount contained in the February 16, 2018 supplemental order directly to Ms. Girvin and Mr. Beyer.

On June 19, 2018, this Court entered an order determining that the appeals filed by both William Mills and REO were untimely because the trial court had yet to issue a final, appealable judgment. As this Court explained:

The February 7, 2018 order contemplates further proceedings in the trial court including additional filings by attorney Franklin Brabson and an evidentiary hearing to quiet title. It appears an evidentiary hearing was set for May 15, 2018, but the record contains no order from that hearing. In addition, on May 8, 2018, Deborah Mills Butler, Darryl Keith Mills, and Faith Raynett Mills filed a petition to set aside the trial court's prior orders. The trial court must resolve all these matters before any appeal can proceed.

It is, therefore, ordered that, within ninety (90) days following the entry of this order, the parties shall either obtain a final judgment from the trial court and cause the same to be transmitted to this court in a certified supplemental record, or else show cause why the appeal should not be dismissed. The briefing schedule provided by Tenn. R. App. P. 29 shall run from the date the supplemental record is filed.

The trial court entered a final order on August 14, 2018, reaffirming its earlier ruling that REO held a valid lien on the Property as a creditor of William Mills. The court further determined that the Property was owned by the four heirs of Jessie Mills, except that William Mills's interest had been extinguished by REO's lien. The court thus determined that REO held a one-fourth ownership interest in the Property. The court ordered that REO was entitled to recover its expenses related to the Property in the amount of $52,964.43, to be divided equally among the three remaining heirs. The court further ordered that if such amounts had not been paid by the heirs on September 7, 2018, REO could file a motion for the Property to be sold.

On August 30, 2018, REO filed a motion to alter or amend pursuant to Tennessee Rule of Civil Procedure 59.04. In the motion, REO asked that the trial court require Ms. Girvin and Mr. Beyer to return the $8,633.70 in interest that REO had paid them, as REO

had been ordered to do by the court's March 12, 2018 interlocutory order. REO asserted that pursuant to a recent opinion of this Court, *Metro. Gov't of Nashville & Davidson Cty. v. Delinquent Taxpayers as Shown on 2011 Real Prop. Tax Record*, No. M2018-00026-COA-R3-CV, 2018 WL 3532079, at *3 (Tenn. Ct. App. July 23, 2018), no statutory authority existed that required REO to pay interest on the purchase price of the Property past the date that REO had filed for redemption and tendered payment.

Following various filings, on October 1, 2018, the trial court entered an order denying REO's motion to alter or amend as untimely. In its order, the trial court disagreed with REO's characterization of the March 12, 2018 order as "interlocutory" and concluded that it was a final order. The court explained that the March 12, 2018 order "left nothing else for the trial court to do on payment to the tax sale purchaser[s], Ms. Girvin and Mr. Beyer." The trial court further observed that, "[a]ll claims between all parties regarding the tax sale were resolved and the redemption had been entirely disposed of" upon the trial court's issuance of the March 12, 2018 order. Noting that REO's Tennessee Rule of Civil Procedure 59.04 motion was filed long after expiration of the thirty-day window following entry of the March 18, 2018 order, the trial court concluded that REO's motion was untimely and that the court could not alter or amend the order. REO timely appealed.

## II. Issue Presented

REO presents the following issue for our review, which we have restated slightly: Whether the trial court erred by requiring REO to pay interest on the Property's purchase price to Ms. Girvin and Mr. Beyer for the time period following REO's filing for redemption of the Property and tendering of payment.

## III. Standard of Review

We review a trial court's findings of fact following a bench trial *de novo* with a presumption of correctness unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Nashville Ford Tractor, Inc. v. Great Am. Ins. Co.,* 194 S.W.3d 415, 424 (Tenn. Ct. App. 2005). We review the trial court's conclusions of law *de novo* with no presumption of correctness. *Hughes v. Metro. Gov't of Nashville & Davidson Cty.*, 340 S.W.3d 352, 360 (Tenn. 2011).

As our Supreme Court has explained concerning principles of statutory interpretation:

When dealing with statutory interpretation, well-defined precepts apply. Our primary objective is to carry out legislative intent without broadening or restricting the statute beyond its intended scope. *Houghton v. Aramark*

- 4 -

*Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by so doing. *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). Our obligation is simply to enforce the written language. *Abels ex rel. Hunt v. Genie Indus., Inc.*, 202 S.W.3d 99, 102 (Tenn. 2006). It is only when a statute is ambiguous that we may reference the broader statutory scheme, the history of the legislation, or other sources. *Parks v. Tenn. Mun. League Risk Mgmt. Pool*, 974 S.W.2d 677, 679 (Tenn. 1998). Further, the language of a statute cannot be considered in a vacuum, but "should be construed, if practicable, so that its component parts are consistent and reasonable." *Marsh v. Henderson*, 221 Tenn. 42, 424 S.W.2d 193, 196 (1968). Any interpretation of the statute that "would render one section of the act repugnant to another" should be avoided. *Tenn. Elec. Power Co. v. City of Chattanooga*, 172 Tenn. 505, 114 S.W.2d 441, 444 (1937). We also must presume that the General Assembly was aware of any prior enactments at the time the legislation passed. *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995).

*In re Estate of Tanner*, 295 S.W.3d 610, 613-14 (Tenn. 2009).

## IV. Assessment of Interest

REO asserts that the trial court erred in requiring REO to pay interest on the purchase price of the Property for a period subsequent to REO's filing of its notice of redemption and tendering of payment. Because the redemption statute was amended effective July 1, 2014, as a preliminary matter, this Court must determine which version of the redemption statute applies to the case at bar. This Court has elucidated that statutory provisions concerning redemption in effect at the time the property was sold at a tax auction shall govern the right of redemption for the property. *See Delinquent Taxpayers as Shown on 2011 Real Prop. Tax Records of Metro. Gov't of Nashville & Davidson Cty. v. Metro. Gov't of Nashville & Davidson Cty.*, No. M2015-02450-COA-R3-CV, 2018 WL 3530842, at *3 (Tenn. Ct. App. July 23, 2018). As this Court therein stated, "[t]he right of redemption and the procedure by which it is exercised are created by statute and originate on the date of the tax sale." *Id*. Therefore, in considering REO's argument, this Court must apply the version of the applicable statute in effect at the time of the tax sale of the Property on January 22, 2014.

Tennessee Code Annotated §§ 67-5-2702, -2703, and -2704, as in effect on the date of the tax sale, govern this redemption action. Tennessee Code Annotated § 67-5-2702 (2013) states that a party

> entitled to redeem property may do so by paying the moneys to the clerk as required by § 67-5-2703 within one (1) year from the date of entry of the order of confirmation of sale, as evidenced by the records in the office of the clerk of the court responsible for the sale.

Tennessee Code Annotated § 67-5-2703 (2013) also provides that a redeeming party

> shall pay to the clerk of the court who sold the property the amount paid for the delinquent taxes, interest and penalties, court costs and any court ordered charges, and interest at the rate of ten percent (10%) per annum computed from the date of the sale on the entire purchase price paid at the sale.

Tennessee Code Annotated § 67-5-2704 (2013) states in pertinent part:

> (a) Within ten (10) days of receipt of the money required for redemption as set forth in § 67-5-2703 and, if required, the statement setting forth the basis under which a person is entitled to redeem the property, the clerk shall send a notice to the purchaser of the property at the tax sale. This notice shall state that money to redeem the property has been tendered, the date of the tender, and that the purchaser shall have thirty (30) days from the date of the tender to file a motion requesting additional amounts to be paid to compensate the purchaser for any other lawful charges or moneys, including property taxes due or delinquent on the property, expended to preserve the value of the property or to otherwise protest the redemption. If the court finds that the purchaser has paid additional moneys, including property taxes due or delinquent on the property, for lawful charges in order to preserve the value of the property, the court shall order the person requesting to redeem the property to pay such additional sums to the clerk of court. "Lawful charges" as used in this subsection (a) include, but are not limited to, reasonable payments made for maintenance and insurance. In addition, the court shall direct the person entitled to redeem to pay a reasonable fee to the clerk and master or delinquent tax attorney for the preparation of the notices, motions, and orders required to give effect to the request to redeem the property. After any additional sums have been paid to the clerk, the court shall order that the redemption has been properly made, and the clerk shall disburse the purchase price with interest at a rate of ten percent (10%) per annum computed from the date of the tax sale to the purchaser. If the court finds that no additional sums are owing in order

to redeem, or upon expiration of the thirty-day period for the purchaser to file a motion to protest the redemption or to request additional moneys, the court shall order that redemption has been properly made, and the clerk shall disburse the purchase price, plus interest at a rate of ten percent (10%) per annum computed from the date of the sale, and any other moneys so ordered by the court to the purchaser.

REO contends that the trial court erred in requiring it to pay interest on the Property for any period following REO's filing for redemption and tender of payment. Tennessee Code Annotated § 67-5-2703 expressly requires that as part of the monies required to be paid to the clerk for redemption of property, interest be included as "computed from the date of the [tax] sale on the entire purchase price paid at the sale." The statute, however, provides no specific termination date for the computation of such interest. *See* Tenn. Code Ann. § 67-5-2703. This Court has resolved that ambiguity by looking to Tennessee Code Annotated § 67-5-2702, which expressly provides that all such monies be paid to the clerk within one year from the date of entry of the order finalizing the tax sale. *See Metro. Gov't of Nashville & Davidson Cty.*, 2018 WL 3532079, at *3. This Court specifically explained that "[b]ecause the redeeming party must pay its funds, including interest on the amount paid at the tax sale within one year, there is no authority in the statute for a longer period of interest." *Id.* at *3. This Court went on to state that if "the legislature [had] intended the redeeming party to pay interest while redemption was proceeding, it could have expressly done so." *Id.*

A related statutory provision, Tennessee Code Annotated § 67-5-2704 (2013), provides the process for disbursement of funds to the tax sale purchaser following a redeeming party's tender of payment to the clerk of court. This statutory section requires that the clerk of court provide notice of tender to the tax sale purchasers, who are then entitled to respond with a request for additional compensation for "lawful charges" and expenditures made to preserve the value of a property following the tax sale. *See* Tenn. Code Ann. § 67-5-2704. Where tax sale purchasers request additional compensation, a trial court can choose to order a party seeking redemption to compensate the tax sale purchaser for any additional expenses that the tax sale purchaser made to preserve the property's value. *Id.* Although a trial court may assess a redeeming party for the value of a tax sale purchaser's "lawful charges" related to preserving the value of a property, section 67-5-2704 does not grant a trial court the right to increase the period during which interest may accrue on the property. *See Metro. Gov't of Nashville & Davidson Cty.*, 2018 WL 3532079, at *3.

In the case at bar, the trial court entered a decree finalizing the tax sale of the Property on February 28, 2014. REO filed for redemption, concomitantly tendering payment of the amount due, pursuant to Tennessee Code Annotated § 67-5-2703, on February 24, 2015. The trial court ultimately entered an order on March 12, 2018, wherein it required REO to pay to the tax sale purchasers ten percent interest on the

purchase price of the Property for a period beginning on February 24, 2015, and ending on February 15, 2018. We determine that this directive from the trial court was inconsistent with Tennessee Code Annotated § 67-5-2704. As this Court has previously explained, a redeeming party such as REO has no obligation to compensate tax sale purchasers for interest accruing during the pendency of redemption proceedings. *See Metro. Gov't of Nashville & Davidson Cty.*, 2018 WL 3532079, at *3. REO, by statute, only owed interest to Ms. Girvin and Mr. Beyer for a period beginning on the date on which the tax sale was confirmed by the trial court, February 28, 2014, and ending on the date when REO filed for redemption and tendered payment, February 24, 2015. We therefore determine that the trial court erred in its assessment of interest on the Property beyond February 24, 2015.

## V. Conclusion

For the foregoing reasons, we reverse that portion of the trial court's judgment concerning interest owed to the tax sale purchasers. We modify the judgment to award interest only until February 24, 2015. This case is remanded for reassessment of the amount of interest owed consistent with this Opinion. The remainder of the trial court's judgment is affirmed. Costs on appeal are assessed one-half to the appellant, REO Holdings, LLC, and one-half to the appellees, Emily Girvin and Michael Beyer.

_____
THOMAS R. FRIERSON, II, JUDGE