Connell *v.* Walker.

A. CONNELL *et al. v.* S. P. WALKER *et al.*

COUNTY COURTS. *Jurisdiction. Power to sell land of decedents to pay debts. Probate court of Shelby county.* The county courts of this State have now, and have had since the adoption of the Code, jurisdiction concurrent with the circuit and chancery courts to sell the lands of decedents for the payment of debts, and exclusive jurisdiction of all insolvent estates not exceeding $1,000, and concurrent jurisdiction with the chancery courts of all other insolvent estates; and the probate court of Shelby county has all the jurisdiction of the county courts in these respects.

FROM SHELBY.

Appeal from the Probate Court of Shelby county. T. D. ELDRIDGE, J.

COOPER, J., delivered the opinion of the court.

The complainants, as creditors by judgment recovered against S. P. Walker in his lifetime and revived against his personal representatives after his death, filed this bill in the probate court of Shelby county against the personal representatives, heirs and devisees of the decedent, for the administration of the estate as insolvent, and for a sale of the realty to pay debts. No objection was made to the jurisdiction of the court, and such proceedings were had that an account of the administration and of the debts was taken, and, it fully appearing that the personal assets were insufficient to pay the debts, a sale of the realty was ordered. Upon the coming in of the report of sale, exceptions were filed raising the question of the juris-

diction of the court. The judge confirmed the report, and the cause has been brought here for the purpose of testing the validity of the sale. Although the point of controversy could not properly be raised by exception to the report, yet the appeal from the final decree opens for revision the validity of the decree ordering the sale, and the court may thus take cognizance of the question argued: *Morris* v. *Richardson*, 11 Hum., 389.

The complainants state in their bill that on the day before the filing thereof they had suggested the insolvency of the decedent's estate, and now file the bill in behalf of themselves and all other creditors of the estate. The bill further alleges that the assets of said estate, real and personal, are of a value greater than one thousand dollars. In fact, the personal assets which came to the hands of the personal representatives amounted to about thirteen thousand dollars, but these assets or the greater part of them had been exhausted in the payment of debts, and, at the time of the filing of the bill, there were in the hands of the personal representatives certainly less than three thousand dollars of personalty.

At the adoption of the Code, the county court had, by virtue of the act of 1849, ch. 185, concurrent jurisdiction with the chancery court to sell the land of decedents for the payment of debts. After the Code went into operation, doubts were entertained by the courts as to the extent of the concurrent jurisdiction, because it was thought the act of 1849 was not brought forward into that compilation. The juris-

Connell *v.* Walker.

diction to sell land for the payment of debts where the personal assets were exhausted, was conferred upon the chancery and circuit courts by the act of 1827, which was embodied in the Code, sec. 2267 *et seq.* By the act of 1851, ch. 283, the jurisdiction of insolvent estates was given to the county and the chancery court. This act was carried into the Code, sec. 2325 *et seq.* By the Code, sec. 2327, taken from sec. 3 of the act of 1851, "exclusive jurisdiction is conferred on the county court of the administration of all insolvent estates not exceeding the value of one thousand dollars, and concurrent jurisdiction with the chancery court of all other estates." By sec. 4201, the Code undertook to enumerate the subjects over which the county court had "original jurisdiction," sub-sec. 6 being in these words: "The settlement of insolvent estates; and for this purpose, the power to sell the real and personal property belonging thereto, at the instance of the personal representative, or the creditors, where the amount of the estate does not exceed three thousand dollars." By the Code, sec. 4233, the jurisdiction of the circuit court was said to be concurrent with the chancery and county courts, among other things, "to sell land to pay debts of decedents where the personal assets are insufficient." And by sec. 4302, the chancery court is given jurisdiction, "concurrent with the circuit and county courts," among other things, "for the sale of land at the instance of the creditors of the decedent," if the personal property should be insufficient to satisfy the debts of the estate.

The doubt was first as to the jurisdiction of the county court to sell land under the act of 1827, brought into the Code sec. 2267, where there was no suggestion of the insolvency of the decedent's estate; and secondly, under the act of 1851, embodied in the Code sec. 2325 *et seq.*, after a suggestion of the insolvency of the estate. Upon the first point, after full consideration, this court reached the conclusion that, in view of sections 4233 and 4302, the county court had concurrent jurisdiction with the circuit and chancery courts under the Code, sec. 2267: *Burgner* v. *Burgner,* 11 Heis., 729; *Kindell* v. *Titus,* 9 Heis., 727. I concurred in this ruling, after I came upon the bench, because I thought the jurisdiction was expressly given by the Code, sec. 4201, sub-sec. 6, which, I found from my memoranda as one of the revisers of the Code, was taken from the act of 1849, ch. 185, instead of from the act of 1852, ch. 283, sec. 3: *Norville* v. *Coble,* 1 Lea, 467.

The jurisdiction of the county court to sell realty, after a suggestion of insolvency, came before the court in *Fleming* v. *Talliaferro,* 4 Heis., 352. If the question had turned upon the Code, sec. 2327, there could have been no doubt that the county court would have had exclusive jurisdiction of all insolvent estates not exceeding one thousand dollars, and concurrent jurisdiction with the chancery court of all other insolvent estates. But it was supposed that the "concurrent jurisdiction" was altered by sec. 4201, sub-sec. 6. In reality, however, as we have seen, that section only enumerates the cases in which the county court has

"original" as contradistinguished from "concurrent" jurisdiction, and sub-sec. 6 was taken from the act of 1849, which it was supposed had not been brought forward into the Code. The "concurrent" jurisdiction of the county court with the chancery court was not affected by that section, but remained as provided by sec. 2327. There was a discrepancy between the two sections, but it was only as to the amount of the estate over which the county court had "original" or exclusive jurisdiction. It was, however, held that the "concurrent" jurisdiction was limited to cases in which the personal estate was over one thousand and under three thousand dollars. The decision was made at the April term, 1871, of this court, and at the very next session of the Legislature the act of 1873, ch. 64, was passed, manifestly to meet the decision. The act provides in the broadest terms that the county courts of this State shall have concurrent jurisdiction with the chancery and circuit courts "to sell real estate of decedents," the mode of procedure in such cases to conform in every respect to the conduct of similar cases in the chancery and circuit courts. The meaning is, not that the jurisdiction of the county court shall only be concurrent in those cases in which the jurisdiction of the circuit and chancery courts are concurrent, but concurrent with the jurisdiction which either court may possess. We think the concurrent jurisdiction with the chancery court already existed, and that the decision in *Fleming* v. *Talliaferro* was in error so far as it limited the concurrent jurisdiction to cases in which the value of the personal estate

was more than one thousand and not exceeding three thousand dollars.

By the act of 1870, creating the probate court of Shelby county, the court is declared to "have original jurisdiction of all matters of probate, the administra- tion of estates and orphans' business, embracing all of the subjects and powers enumerated in and conferred by sections 4201, 4203, 4204, 4205 and 4208 of the Code, and concurrent jurisdiction with the chancery courts of Shelby county over the persons and estates of idiots, lunatics and other persons of unsound mind; and of proceedings for the partition or sale of estates by personal representatives, guardians, heirs, tenants in common, joint owners or co-partners; for the sale of lands at the instance of the creditors of the decedent, if the personal property is insufficient to satisfy the debts of the estate, and for the allotment of dower, and it is hereby vested with all the powers of a chancery court touching these matters": T. & S. Rev., sec. 316*h*.

The effect of the statute is to confer on the pro- bate court of Shelby county the original jurisdiction of the county court under the Code, sec. 4201, sub- sec. 6, and the concurrent jurisdiction of that court, as recognized by the Code, sec. 4204, with the chan- cery court, such concurrent jurisdiction in the matter of insolvent estates being determined by the Code, sec. 2327, and the act of 1873, ch. 64. The statute also confers on the court jurisdiction, concurrent with the chancery courts of Shelby county, to sell lands of de- cedents at the instance of creditors, if the personal

property is insufficient to satisfy the debts of the estate, and this jurisdiction would certainly extend to a case where the insolvency of the estate has been suggested.

Affirm the decree.

FREEMAN, J., does not concur in this opinion.