
IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 26, 2017 Session

## SHERRA ROBINSON WRIGHT v. THE ESTATE OF LORENZEN VERN-GAGNE WRIGHT, ET AL.

Appeal from the Circuit Court for Shelby County
No. CT-002526-09  Robert L. Childers, Judge

_____

### No. W2016-01251-COA-R3-CV

_____

This case involves a divorced party's request to recover unpaid child support and alimony.  The petitioner filed her lawsuit in the Shelby County Circuit Court, which denied her request for relief.  Although the petitioner appeals, we conclude that the trial court was without subject matter jurisdiction over the petitioner's claims.  Because the petitioner's ex-husband is deceased and the claims at issue are against the ex-husband's estate, the petitioner was required to file her claims against the estate in the Shelby County Probate Court.  We therefore vacate the judgment of the trial court and dismiss the case for lack of subject matter jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Dismissed**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which BRANDON O. GIBSON and KENNY ARMSTRONG, JJ., joined.

Christopher F. Donovan, Memphis, Tennessee, for the appellant, Sherra Robinson Wright.

Ruby R. Wharton, Memphis, Tennessee, for the appellee, The Estate of Lorenzen Verne-Gagne Wright, Herbert Wright, Executor.

## OPINION

### Background and Procedural History

The Appellant, Sherra Wright ("Ms. Wright"), and Lorenzen Wright ("Mr. Wright") were divorced in February 2010 by order of the Shelby County Circuit Court.

As part of the divorce, Mr. Wright was required to maintain a life insurance policy to support the parties' six children in the event of his death. Less than a year after the divorce, on July 28, 2010, Mr. Wright passed away.

Subsequent to her ex-husband's untimely death, Ms. Wright became involved in litigation in both the Circuit Court and the Shelby County Probate Court. Although we need not detail all of the particulars of this prior litigation for purposes of our review in this appeal, we note that much of the litigation concerned who should control certain assets. Namely, a number of disputes arose between Ms. Wright and Herbert Wright, Mr. Wright's father and the executor of his estate. For example, in the Circuit Court, where Ms. Wright had been designated trustee over the proceeds of the aforementioned life insurance policy, efforts were taken by Herbert Wright to remove Ms. Wright as trustee. For her part, Ms. Wright petitioned the Probate Court to remove Herbert Wright as the executor of Mr. Wright's estate. These matters were ultimately resolved by way of a confidential settlement agreement.

The present litigation ensued in February 2016 when Ms. Wright filed a petition in the Circuit Court alleging that her ex-husband had failed to make child support and alimony payments to her before his death. The petition sought to enjoin certain funds held by Mr. Wright's estate and prayed that Ms. Wright be awarded a judgment for the outstanding support payments allegedly owed to her. Mr. Wright's estate filed a response in opposition to the petition in March 2016. In addition to arguing that Ms. Wright's claims should have been asserted in the Probate Court, not the Circuit Court, the estate's response argued that the doctrine of res judicata barred Ms. Wright's requests for relief. With respect to this latter argument, the estate contended that the asserted child support and alimony issues had been resolved by the parties' prior confidential settlement agreement.

Following a hearing, on March 21, 2016, the Circuit Court entered an order denying the relief requested by Ms. Wright's petition. In addition to concluding that a permanent order for alimony or child support had never been entered, the Circuit Court agreed with the position of Mr. Wright's estate that the asserted claims were barred by the doctrine of res judicata. Although Ms. Wright subsequently filed a motion to alter or amend on April 15, 2016, the Circuit Court entered an order denying the motion on May 18, 2016. In addition to reaffirming its conclusion that Ms. Wright's claims were barred by the doctrine of res judicata, the Circuit Court opined that "even if Plaintiff had a valid cause to pursue an award . . . such cause would properly lie within the jurisdiction of Probate Court and not Circuit Court[.]" This timely appeal then followed.

**Discussion**

On appeal, Ms. Wright raises several issues for our review and argues that the Circuit Court erred in failing to award her unpaid child support and alimony. She prays that we direct the Circuit Court to enter a judgment for the alleged outstanding support obligations, "together with interest at the statutory rate from the date of the obligor's death forward." Instead of immediately directing our attention to the merits of Ms. Wright's grievances, we begin by considering the subject matter jurisdiction of the trial court. *See* Tenn. R. App. P. 13(b) (noting that the "appellate court shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review"). "The concept of subject matter jurisdiction implicates a court's power to adjudicate a particular type of case or controversy." *Staats v. McKinnon*, 206 S.W.3d 532, 541-42 (Tenn. Ct. App. 2006) (citations omitted). Whether subject matter jurisdiction exists "depends on the nature of the cause of action and the relief sought," and it cannot be conferred on a court by a party's appearance, plea, consent, silence, or waiver. *Id.* at 542 (citations omitted). It is derived, "either explicitly or by necessary implication, from the Tennessee Constitution or from legislative acts." *Id.* (citations omitted).

In this case, Ms. Wright seeks to pursue claims against her ex-husband's estate. The claims at issue thus pertain to the administration of an estate and the probate process. Probate jurisdiction in Tennessee is addressed generally by Tennessee Code Annotated section 16-16-201. In relevant part, that statute provides as follows:

> In all counties where not otherwise specifically provided by public, private, special or local acts, all jurisdiction relating to the probate of wills and the administration of estates of every nature, including the estates of decedents and of wards under guardianships or conservatorships and related matters previously vested in the county court, the county judge or county chair, is vested in the chancery court of the respective counties. The chancery court in such counties shall have exclusive jurisdiction over the probate of wills and the administration of estates of every nature . . . previously vested in the county court.

Tenn. Code Ann. § 16-16-201(a). Although this statute generally places probate jurisdiction in the chancery courts of Tennessee's counties, it also recognizes that jurisdiction for estate administration in some counties may be provided by "public, private, special or local acts." *Id.* The Shelby County Probate Court, which was created by an act of the General Assembly in 1870, is vested with "'original jurisdiction of all

- 3 -

matters of probate, the administration of estates and orphans' business.'" *Connell v. Walker*, 74 Tenn. 709, 714 (1881) (citation omitted).

Because original jurisdiction for estate administration in Shelby County rests in the Shelby County Probate Court, Ms. Wright's claims against her ex-husband's estate should have, at the outset, been filed in that court. Specifically, any claims or demands against the estate should have been filed with the Probate Court Clerk in accordance with the requirements outlined in the Tennessee Code. *See* Tenn. Code Ann. §§ 30-2-307 to -310. In light of the foregoing, we vacate the Circuit Court's orders denying Ms. Wright's requests for relief and dismiss the case for lack of subject matter jurisdiction. All other issues raised in the appeal are pretermitted.

## Conclusion

We conclude that the Circuit Court should have dismissed Ms. Wright's claims for lack of subject matter jurisdiction. Costs of this appeal are assessed against the Appellant, Sherra Robinson Wright, and her surety, for which execution may issue if necessary. This case is remanded to the Circuit Court for the collection of costs, and for such further proceedings as may be necessary and are consistent with this Opinion.

_____
ARNOLD B. GOLDIN, JUDGE