IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 11, 2020 Session

## JUDY MORROW WRIGHT ET AL. v. MATTHEW G. BUYER ET AL.

Appeal from the Probate Court for Shelby County
No. PR-7275-1      Kathleen N. Gomes, Judge

_____

### No. W2019-01157-COA-R3-CV

_____

After their case was dismissed for lack of subject matter jurisdiction, the plaintiffs moved for relief from the judgment claiming that the trial judge should have recused herself. The court denied the motion for relief, and this appeal followed. We previously considered the plaintiffs' claims of the judge's "appearance of a predispositional bias" in an accelerated interlocutory appeal as of right under Tennessee Supreme Court Rule 10B. In that appeal, we determined that the plaintiffs had waived their right to challenge the judge's impartiality. So based on the law of the case, we affirm the denial of plaintiffs' motion for relief from the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

Larry E. Parrish, Memphis, Tennessee, for the appellants, David L. Morrow and Judy M. Wright.

Kenneth P. Jones and M. Matthew Thornton, Memphis, Tennessee, for the appellees, Matthew G. Buyer and SunTrust Bank, N.A.

## OPINION

### I.

Plaintiffs Judy M. Wright and David L. Morrow sued SunTrust Bank and Matthew G. Buyer in the Probate Court for Shelby County, Tennessee. The complaint sought "money damages from SunTrust Corporation, in its individual corporate capacity, as a

tortfeasor which . . . [allegedly] usurped the role of trustee of the John Goza Lifetime Trust and took control . . . of the financial affairs of the *non compos mentis* adult, John J. Goza."[1] SunTrust did so, the plaintiffs claimed, in order "to tortiously convert use and benefit of the assets of the John Goza Lifetime Trust" to SunTrust's own use and the use of others. The plaintiffs claimed Mr. Buyer "acted for and on behalf of SunTrust Corporation, to carry out SunTrust Corporation's tortious wrongdoing, breaches of contract and conspiracy."

SunTrust and Mr. Buyer moved to dismiss the complaint for lack of jurisdiction and for failure to state a claim upon which relief can be granted. Among other things, the motion argued that, even if the court possessed subject matter jurisdiction, the plaintiffs' claims were barred by the applicable statutes of limitations.

The probate court granted SunTrust's and Mr. Buyer's motion to dismiss based on lack of subject matter jurisdiction. The probate court determined that the plaintiffs' complaint was "[i]n essence . . . a tort action brought against a bank and an individual." It then concluded that it had no "subject matter jurisdiction over an unliquidated tort claim as an original cause of action." *See Connell v. Walker*, 74 Tenn. 709, 714 (1881) (recognizing act creating the probate court of Shelby County had the effect of conferring on the court the original jurisdiction of a county court); Tenn. Code Ann. § 16-16-107(a)(1) (Supp. 2020) (providing for the original jurisdiction of county courts).

As an alternative basis for dismissal, the court concluded that the action was barred by the applicable statute of limitations. Because John J. Goza had been adjudicated incompetent, it determined that the tort claims alleged by the plaintiffs must have been filed, at the latest, within three years of the date of his death. *See Abels ex rel. Hunt v. Genie Indus., Inc.*, 202 S.W.3d 99, 105 (Tenn. 2006) ("The disability of unsound mind is removed when the individual is no longer of unsound mind, due either to a change in the individual's condition or the individual's death."); Tenn. Code Ann. § 28-1-106(c)(1) (2017) (authorizing a person's representative to commence an action "within the time of limitation for the particular cause of action, unless it exceeds three (3) years, and in that case within three (3) years from removal of such incapacity"). Mr. Goza died in 2007, but the plaintiffs filed their complaint against SunTrust and Mr. Buyer in 2016.

Although it dismissed the case for lack of subject matter jurisdiction, the court went on to conclude that an award of attorney's fees and expenses was appropriate under Tennessee Code Annotated § 20-12-119. That statute provides for an award of costs and attorney's fees "where a trial court grants a motion to dismiss pursuant to Rule 12 of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief may be granted." Tenn. Code Ann. § 20-12-119(c)(1) (Supp. 2020).

---

[1] The plaintiffs were first cousins of John J. Goza. *See Morrow v. SunTrust Bank*, No. W2010-01547-COA-R3-CV, 2011 WL 334507, at *1 (Tenn. Ct. App. Jan. 31, 2011).

2

## A.

After the order of dismissal, the plaintiffs moved to alter or amend the order under Tennessee Rule of Civil Procedure 59.04. And while that motion was still pending, the plaintiffs moved to recuse the probate court judge. In a substituted and superseding motion to recuse, the plaintiffs claimed that the judge was "burdened by evident bias and prejudice." Specifically, the judge had appointed one of the attorneys for the defendants to serve as a substitute judge. This fact "evidence[d] a professional relationship between [the judge] and [the attorney]," creating "the appearance that [the judge] is adjudicating the instant case being defended by a person in a position as would be a colleague who serves . . . in the same court, in the same courtroom and on the same bench."

The plaintiffs also alleged that the judge's "long history . . . as a practitioner" of trust and estate law had "'psychologically wedded' [her] to the proposition that so-called 'living trusts' are lawful in Tennessee." Thus, it would be "impossible for [the judge] to adjudicate claims for relief by [the plaintiffs] predicated on [the plaintiffs'] contention that so-called 'living trusts' are outlawed by controlling Tennessee precedent." And the judge "would give more weight" to the arguments of counsel for the defendants than to arguments of counsel for the plaintiffs.

Finally, the plaintiffs complained of the judge's "result-oriented adjudications" in cases involving the plaintiffs. This complaint extended to previous cases involving the plaintiffs as well as the current matter. The order of dismissal was just "one of many evidences of [the judge's] preexisting partiality disqualifying [the judge] as an adjudicator in the instant case or other cases involving Defendants and [the plaintiffs], where the status of John J. Goza and the probate Estate of John J. Goza is a subject matter."

The probate court denied the motion for recusal. The court found "[t]he fact that [opposing counsel] was appointed on one occasion to serve as a Substitute Judge[] d[id] not make a professional relationship" nor did it "make the Court bias[ed] in his favor." It also rejected the notion that a history of "practic[ing] in the area of Probate law and deal[ing] with many lawyers over the years" was a ground for recusal. The court noted that the validity of the trusts had "already been determined." Although acknowledging that the plaintiffs and their counsel were upset by the court's adverse ruling, "the mere fact that a judge ha[d] ruled adversely to a party . . . in a prior judicial proceeding [wa]s not grounds for recusal." *See Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 565 (Tenn. 2001). In sum, the court found that the plaintiffs had failed to establish any personal bias or prejudice against the plaintiffs or their counsel.

## B.

The plaintiffs sought an accelerated interlocutory appeal from the denial of the recusal motion. *See* TENN. SUP. CT. R. 10B § 2.01. And we affirmed the probate court.

3

*Wright v. Buyer*, No. W2018-01094-COA-T10B-CV, 2018 WL 3546784, at *4 (Tenn. Ct. App. July 24, 2018), *perm. app. denied*, (Tenn. Aug. 22, 2018). We concluded that the plaintiffs, who we referred to as "Petitioners," had waived their right to challenge the judge's impartiality by not promptly bringing the facts forming the basis for their motion to the court's attention.[2] *Id.*

> Here, Petitioners admit in their petition for recusal appeal that, even before the probate judge ruled on SunTrust's and Mr. Buyer's motion to dismiss, they "kn[ew] [the probate judge's] propensity to use result-oriented adjudication to defy precedent and rule according to [the probate judge's] self-centered predisposition." But Petitioners admittedly "withheld a motion to recuse in hopes that the absence of an issue concerning the unlawful use of the H. Goza Revocable Trust would suppress [the probate judge's] propensity and allow principled precedent-controlled adjudication to determine results." According to them, the dismissal order "was the most result-oriented adjudication Adjudicator had ever rendered . . . and withholding the Recusal Motion could no longer be justified."

*Id.* (alterations in original).

C.

During the pendency of the interlocutory appeal, the plaintiffs moved to set aside the order of dismissal in the probate court. *See* TENN. SUP. CT. R. 10B § 2.04 (providing that recusal appeals "do[] not automatically stay the trial court proceeding"). The motion specified that it did "not supersede or otherwise change" the plaintiffs' motion to alter or amend the order of dismissal, which had not been decided. Instead, the plaintiffs argued that the order of dismissal was "void *ab initio*, because it violate[d] the Fourteenth Amendment, Due Process Clause, to the United States Constitution" and was "a result-oriented adjudication, thus, per se, a violation of the Fourteenth Amendment Due Process."

The plaintiffs posited that the order of dismissal was void and violated the Fourteenth Amendment because, objectively, the probability of actual bias on the part of the judge was too high. For this point, the plaintiffs recycled the same arguments made in their substituted and superseding motion to recuse. They also relied on the same facts. But unlike their previous effort, they supported their factual assertions with an affidavit by their counsel, Larry E. Parrish.

---

[2] As an alternative ground for affirming the denial of the recusal motion, we determined that the appellate record was insufficient because the plaintiffs "did not support their recusal motion with an affidavit or a declaration under penalty of perjury on personal knowledge." *Wright*, 2018 WL 3546784, at *4; *see* TENN. SUP. CT. R. 10B § 1.01 (requiring recusal motions to "be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials").

4

The plaintiffs submitted that the order of dismissal was results-oriented because it failed to address a statute they claimed vested the probate court with subject matter jurisdiction. They also faulted the order for going beyond the court's subject matter jurisdiction. After determining that subject matter jurisdiction was not present, the plaintiffs deemed it "both unnecessary and 'irregular'" for the court to address the statute of limitations defense or to award costs and attorney's fees.

The plaintiffs requested that the judge recuse herself before ruling on their motion to set aside because any ruling would result in "yet another void *ab initio* order." And whether the judge decided to recuse or not, they asked that the order of dismissal be set aside.

The court denied both the motion to alter or amend and the motion to set aside. Its order concluded that both motions lacked merit. And it referenced a concession made by the plaintiffs' counsel: "Plaintiffs' counsel acknowledged at the hearing that the Motion to Set Aside Dismissal Order has to do with nothing other than whether the Judge adjudicated the Dismissal Order with an appearance of non-neutrality and not whether the adjudication of the Dismissal Order was/is meritorious."

## II.

In this appeal, the plaintiffs again focus on the impartiality of the probate court judge. They raise a single issue for review. Specifically,

> Does the Fourteenth Amendment, United States Constitution, per *Williams v. Pennsylvania*, [136 S. Ct. 1899 (2016)] . . . , combined with the Fourteenth Amendment "first instance" doctrine defined in *Concrete Pipe & Prod. of California, Inc. v. Constr. Laborers Pension Tr. for S. California*, 508 U.S. 602, 617-18 (1993); *Hamdi v. Rumsfeld*, 542 U.S. 507, 533 (2004); *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 248 (1980) and *Ward v. Vill. Of Monroeville, Ohio*, 409 U.S. 57, 61-62 (1972), create, for state court litigants in all states, an inviolate right to be judged by trial court adjudicators as to whom there exists no risk of an appearance that the adjudicator might (in the future) adjudicate, might have (in the past) adjudicated or might (presently) be adjudicating the litigant's dispute with a temptation that might undermine the Fourteenth Amendment required neutrality of the adjudicator? [3]

---

[3] In oral argument, counsel for the plaintiffs reframed the issue: "The issue on appeal exclusively, as I see it, is the qualification of Judge Gomes to decide anything in this case. It is—it's not the merits; none of the merits about any of the underlying issues are at issue in this case . . . ."

SunTrust and Mr. Buyer respond that the plaintiffs' attempt to disqualify the "judge has already been thoroughly heard and denied." And, due to the law of the case doctrine, the plaintiffs are not entitled to be heard on the issue again.

The "law of the case" doctrine "generally prohibits reconsideration of issues that have already been decided in a prior appeal of the same case." *Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998) (citing 5 Am. Jur. 2d *Appellate Review* § 605 (1995)). Thus, "an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal." *Id.* (citing *Life & Casualty Ins. Co v. Jett*, 133 S.W.2d 997, 998-99 (Tenn. 1939); *Ladd ex rel. Ladd v. Honda Motor Co., Ltd.*, 939 S.W.2d 83, 90 (Tenn. Ct. App. 1996)). The doctrine extends "to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication" but not to dicta. *Id.* (citing *Ladd ex rel. Ladd*, 939 S.W.2d at 90). It binds the trial court following remand from the appellate court and the appellate court if a second appeal is taken following remand. *Id.* The law of the case doctrine also extends to appellate decisions arising from interlocutory appeals.[4] *Ladd ex rel. Ladd*, 939 S.W.2d at 90.

In their reply brief, the plaintiffs offer a variety of reasons for why law of the case should not apply. They submit that "[a]n order on a Rule 10 recusal motion is not a ruling by a court" and a "Rule 10B appeal is not an appeal from a ruling by a court." Because, according to the plaintiffs, "[n]either granting a S. Ct. Rule 10 recusal motion nor denying same effects [sic] the merits of [the] case," the law of the case doctrine cannot be implicated.

The plaintiffs' argument undercuts a basic premise of their appeal: "because the . . . dismissal order . . . was adjudicated by a disqualified adjudicator, the . . . dismissal order . . . is void *ab initio*." They tie recusal, or rather the failure to recuse, to the merits of the court's decision. Because "the trial court adjudicator is disqualified," they claim the "dismissal order . . . must be set aside." The plaintiffs cannot have it both ways.

Next the plaintiffs argue that our opinion from the accelerated interlocutory appeal was itself void *ad initio*. They claim that they "confessed error and mooted the appeal altogether before the Rule 10B appellate panel decided the Rule 10B Appeal." In the interlocutory appeal, we noted that the plaintiffs sought dismissal of their appeal in order to correct an oversight in their substituted and superseding motion to recuse. *Wright*, 2018 WL 3546784, at *3 n.5. But we denied that request. *Id.* So we decline the plaintiffs' invitation to proceed "as if neither the Rule 10[B] recusal motion nor the Rule 10B Appeal

---

[4] The doctrine applies even if our decision has not been reviewed by the supreme court. *Ladd ex rel. Ladd*, 939 S.W.2d at 91. The doctrine "does not apply to . . . appellate . . . opinions that have been reversed or vacated." *Id.*

6

ever occurred." They did occur. And the plaintiffs lost on the question of the judge's impartiality.

Still, we will revisit an issue decided in a prior appeal under three limited circumstances:

> (1) the evidence offered at a trial or hearing after remand was substantially different from the evidence in the initial proceeding; (2) the prior ruling was clearly erroneous and would result in a manifest injustice if allowed to stand; or (3) the prior decision is contrary to a change in the controlling law which has occurred between the first and second appeal.

*Memphis Publ'g Co.*, 975 S.W.2d at 306. The plaintiffs seemingly invoke the first two circumstances as additional reasons for not applying the law of the case doctrine.

They claim that the facts changed since the filing of their recusal motion and their motion to set aside, which relied on Tennessee Rule of Civil Procedure 60.02. The plaintiffs explain that "the facts most significant to the determination of the instant Rule 60.02 Appeal had not even occurred at the time the Rule 10B Appeal was initiated; thus, the Rule 10B Appeal could not have decided anything about the subsequently occurring facts that are determinative of the instant Rule 60.02 Appeal." Specifically, the plaintiffs refer to the events of May 30, 2019, when the probate court held a hearing on the plaintiffs' motion to alter or amend and motion to set aside. At that hearing, the court also considered motions to quash subpoenas issued on behalf of the plaintiffs and directed to the probate court judge, the probate court clerk, the Tennessee Bar Association, and others. The plaintiffs submit that the probate court judge had a duty under the Due Process Clause of the Fourteenth Amendment to withdraw and to not decide the motions.

We do not find the facts substantially different from when we addressed recusal in the accelerated interlocutory appeal. The plaintiffs still maintain that the judge's experience as a practicing attorney makes her biased. They "suggest that an adjudicator who had the best interest of former clients at risk for the professional services rendered by the adjudicator, while in private practice, could adjudicate whether the advice given and documents drafted by the adjudicator were against the law . . . is beyond unthinkable." We addressed that same factual claim in the prior appeal. *Wright*, 2018 WL 3546784, at *2. And we deemed it waived. *Id.* at *4.

Although the plaintiffs do not use the words "clearly erroneous" or "manifest injustice" in describing our prior opinion, they do complain that Tennessee law governing disqualification or recusal is "inconsistent and/or incompatible" with the United States Supreme Court's decision in *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016). In *Williams*, the Supreme Court held that, "[w]here a judge has had an earlier significant,

7

personal involvement as a prosecutor in a critical decision in the defendant's case, the risk of actual bias in the judicial proceeding rises to an unconstitutional level." *Id.* at 1910.

We disagree that *Williams* is inconsistent or incompatible with Tennessee law. Recently, our supreme court cited *Williams* for the proposition that, in deciding whether a prosecutor turned judge should recuse from a criminal case, the judge's supervisory authority when a prosecutor is a consideration. *State v. Griffin*, 610 S.W.3d 752, 760 (Tenn. 2020). But, later in the same opinion, the court reaffirmed that "the analysis for impartiality . . . is whether 'a person of ordinary prudence in the judge's position, *knowing all of the facts known to the judge*, would find a reasonable basis for questioning the judge's impartiality.'" *Id.* at 762 (quoting *State v. Cannon*, 254 S.W.3d 287, 307 (Tenn. 2017)). The analysis is an objective one. *Id.* at 758. The analysis employed by *Williams* is as well. *See Williams*, 136 S. Ct. at 1905.

Even if we accept the notion that *Williams* "constitutionaliz[ed] judicial recusal under the Fourteenth Amendment," as plaintiffs argue, the law of the case would still thwart the plaintiffs' current effort to set aside the order of dismissal based upon disqualification of the probate court judge. Due process rights may be waived. *See Bailey v. Blount Cty. Bd. of Educ.*, 303 S.W.3d 216, 238 (Tenn. 2010). And in the previous appeal, we determined that all the plaintiffs' claims about the probate judge had been waived. *Wright*, 2018 WL 3546784, at *4.

Our decision in the accelerated interlocutory appeal has become the law of the case as to the sole issue raised by the plaintiffs in this appeal. The plaintiffs raised the same concerns regarding the probate judge in their interlocutory appeal as they do now. So we will not revisit the issue of disqualification of the judge.

### III.

We affirm the judgment of the trial court. The case is remanded for any further proceedings, consistent with this opinion, that may be necessary.

_____

W. NEAL MCBRAYER, JUDGE
